May Term,
1848.

McCormick
v.
The President and
Trustees of
the Town of
Lafayette

McCormick and Another *v.* The President and Trustees of the Town of Lafayette.

The constitution of this State does not prescribe the mode by which the amount of compensation shall be ascertained for the taking of private property for public uses.

The "act authorizing the president and trustees of the town of *Lafayette,* to open and grade streets and construct side walks in said town," approved *January* 19, 1846, is constitutional, and authorizes said corporation in certain cases to use private property without *first* making compensation therefor.

*Friday,*
*May* 26.

APPEAL from the *Tippecanoe* Circuit Court.

Smith, J.—On the 23d of *September,* 1846, *John McCormick* and *Phineas O. Sergeant,* filed their bill of complaint in the clerk's office of the *Tippecanoe* Circuit Court, against the president and trustees of the town of *Lafayette.* An injunction was granted by the president judge in vacation, which was afterwards dissolved, on motion of the defendant's counsel, upon the bill, answer, and exhibits. The plaintiffs appealed to this Court from the interlocutory order of the Court below, dissolving the injunction.

The bill alleges that the defendants, as the corporate authorities of the town of *Lafayette,* on the 5th of *September,* 1846, made an order, founded on the petition of certain persons, that a portion of *North* street, lying between the *Wabash* and *Erie* canal and *Missouri* street, should be opened and extended to the width of *Main* street, in said town, namely, sixty feet; and that the land lying adjoining to and on the northerly side of said *North* · street should be used and appropriated for that purpose. The plaintiffs say that said *North* street is at present thirty-three feet wide;—that they are the owners in fee of all the ground which, under said order, will be taken for the purpose of widening said street;—that the strip of land, thus intended to be taken, with the buildings thereon, is worth 2,500 dollars;—that the defendants have, by themselves and their agents, threatened, and still do threaten, forcibly, to enter upon and remove the buildings and appropriate said ground as contemplated by said order;—

that the defendants have not paid or offered to pay the plaintiffs for the ground or buildings, nor have they made any provision for such payment;—and that the defendants are without property from which damages that might be recovered against them could be made, and without the power to raise the money necessary to pay such damages.

May Term, 1848.

McCormick v. The President and Trustees of the Town of Lafayette

The answer states that the defendant is a body corporate and politic, as such created and existing by virtue of a compliance on the part of the inhabitants and two-thirds of the qualified voters and citizens of said town, with the provisions and requirements of article 1st, of chapter 25th, of the Revised Statutes, and the several acts of the general assembly of this state, as follows, to-wit: 1st. An act to provide for the incorporation of the town of *Lafayette*, in *Tippecanoe* county, approved *January* 13, 1845; 2d. An act authorizing the president and trustees of the town of *Lafayette*, in the county of *Tippecanoe*, and state of *Indiana*, to purchase and hold real estate and for other purposes, approved *January* 6th, 1846; 3d. An act authorizing the president and trustees of the town of *Lafayette*, in *Tippecanoe* county, to open and grade streets and construct side walks in said town, approved *January* 19th, 1846. The respondent admits that, at a regular meeting of said president and trustees, on the 5th of *September*, 1846, upon the petition of more than two-thirds of the resident freeholders on *North* street in said town, the order complained of by the plaintiff was duly made and recorded; and that, after the making of said order, and after having filed with the recorder of *Tippecanoe* county a map or plan of said street, representing said *North* street as it was at the time of filing said petition, and representing thereon the opening, extension, or widening of said street by the appropriation of said strip of land on the northerly side thereof, in compliance with the requirements of said last recited act of the legislature, they did proceed to grade said *North* street, including said strip of land mentioned in the complainant's bill, and were about to remove the buildings on said strip of land, and should have fully accomplished all and singular said matters and things had

May Term,
1848.

McCormick
v.
The Presi-
dent and
Trustees of
the Town of
Lafayette.

they not been prevented therefrom by the injunction issuing from the Circuit Court.

The respondent denies that the said strip of land, and the buildings thereon, are worth 2,500 dollars, or more than one-half or two-thirds of that sum; and further denies that the corporation is without property from which the damages sustained by the complainant could be made, but avers that it is possessed of real estate and personal property, liable to execution, to the value of at least 5,000 dollars; and that it has, at all times, performed its contracts with punctuality, and has collected and is weekly receiving and disbursing, large sums of money, and has, at all times, more or less cash in its treasury. The respondent further denies that it is without the power to raise money, and says there is within its corporate limits real and personal property of more than the value of 1,000,000 dollars, all of which is, and was at the time said bill was filed, liable to taxation for the payment of any damages the plaintiffs might have sustained by said order being carried into effect. The respondent further avers, that, at the time the complainant's bill was filed, there was assessed and levied a tax on the property within the corporate limits of said town, sufficient to raise the sum of 3,000 dollars, which might have been appropriated to the payment of such damages;—that the debts of the corporation do not in all exceed the sum of 2,500 dollars, and that the present assessments for street and other purposes, when collected, will, at the close of the present year, leave the corporation entirely out of debt, with a considerable fund in the treasury.

It is admitted that the respondent has not paid, or offered to pay, the amount claimed by the plaintiffs; because the amount thus claimed was considered exorbitant, and because the law provided a mode for the appraisement and assessment of such damages as the plaintiffs would have sustained.

No question is made as to the general power of the corporation, under the several acts referred to, to open streets, &c., but it is contended that such construction

should not be given to the act of *January* 19th, 1846, as will authorize the tearing down of the houses of the plaintiffs, and the final appropriation of their land to public uses, without payment being first made therefor; or, if such a construction is authorized by the terms of the act, then the act is in violation of the 7th section of the 1st article of the state constitution, which provides:—" That no man's particular services shall be demanded, or property taken or applied to public use, without the consent of his representatives, or without a just compensation being made therefor."

May Term, 1848.

McCormick
v.
The President and Trustees of the Town of Lafayette.

The 1st and 2d sections of the act last referred to, authorize the corporation to order any street to be graded, opened, and extended of a width not exceeding the width of *Main* street, in said town. The 3d section provides that "should any person feel himself aggrieved by the opening or extension of any street under the provisions of this act, he shall, within twenty days after such order, file his complaint, in writing, in the office of the clerk of the Circuit Court of said county, setting forth the nature of the damages sustained and the amount thereof."

The 4th, 5th, and 6th sections direct the clerk, on such complaint being filed, to appoint three freeholders of the county to hear the proofs and award damages to the complainant if, in their opinion, he has sustained any; which award is to be returned to such clerk within five days from its rendition, and from which either party may appeal to the Circuit Court. If no such appeal be taken, such award, if in favor of the complainant, may, on motion in open Court, without notice, be made a judgment of the Court against said president and trustees, on which the Court shall issue such process of attachment or otherwise as may be necessary to enforce the payment of the same, with costs.

There is nothing in the act making the payment of damages a condition precedent to the appropriation of land belonging to individuals for the purpose of opening and extending streets, but on the contrary it, in terms, authorizes such opening and extension and provides a mode

May Term,
1848.

McCormick
v.
The Presi-
dent and
Trustees of
the Town of
Lafayette.

by which such individuals may afterwards proceed to obtain compensation.

As the constitution, though it prohibits the taking of private property for public uses without compensation, does not prescribe any mode by which the amount of compensation shall be ascertained, such mode must necessarily be provided by the legislature. Such a mode was provided by the act under which the corporation of *Lafayette* proceeded in this instance, and it is similar in principal to those which have been frequently adopted, both in this state and throughout the Union, when the government has thought proper to exercise the right of eminent domain either directly, through its immediate officers or agents, or indirectly, through the medium of corporate bodies or private individuals. Acts authorizing the taking of private property in such cases, have repeatedly been held valid, and not in contravention of similar prohibitions contained in the constitutions of the United States and of the several states, though such acts did not make provision that the damages should be actually ascertained and paid before the property was to be taken possession of for the uses contemplated. *Rubottom* v. *McClure*, 4 Blackf. 505.— *The State* v. *Beackmo*, 8 Blackf. 247.— *Hankins* v. *Lawrence, id.* 266.— *Bloodgood* v. *Mohawk & Hudson R. R. Co.*, 18 Wend. 1.— *Beekman* v. *Saratoga & Schenectady R. R. Co.*, 3 Paige Ch. R. 45.

An attempt is made, in this instance, to show that the corporation is insolvent and possesses no property from which payment of such damages as might be assessed could be enforced. If, however, the averments of the bill would have entitled the plaintiffs to invoke the interference of a court of equity on that ground, they are denied by the answer. But as the legislature, by the act of the 19th of *January*, 1846, authorized the corporation to enter upon and appropriate the property of the plaintiffs for the public use, and at the same time provided for the subsequent assessment and payment of the damages which should be sustained by them, it would require a very strong case, at least, to justify the Courts in interfering, by way of in-

junction, before any attempt had been made to procure compensation in the mode specifically pointed out and provided by the legislature for that purpose. If such an attempt had been made and had failed by reason of the insolvency of the corporation, a very different question might be presented. If, as it is held in *Hankins* v. *Lawrence*, the possession and use of the land, in such cases, are granted upon a condition subsequent, that the corporation will not be in default with respect to the payment therefor, when the value is ascertained in the mode pointed out by the act authorizing the land to be taken, the amount of damages for which the corporation would be ultimately responsible, in case of a failure to make such payment, would not include the value of the soil, but only such losses as may have been occasioned by its temporary use and occupation. To that extent, at least, the public treasuries of towns and cities incorporated by the legislature, must be considered, ordinarily, a sufficient security for any damages which may be sustained by their inhabitants in consequence of the exercise of corporate powers duly conferred by law.

The decree of the Circuit Court, dissolving the injunction, must, therefore, be affirmed at the costs of the appellants.

*Per Curiam.*—The decree is affirmed with costs.

*R. Jones* and *A. Ingram*, for the appellants.

*E. H. Brackett* and *Z. Baird*, for the appellees.