## FALKENBURGH *v.* JONES.

A person admitted to defend an action as a poor person, under sec. 15, p. 30, vol. 2, R. S. 1852, is entitled, upon judgment being rendered against him, to a transcript of the record, for the purpose of an appeal to the Supreme Court, before payment to the clerk of any fees therefor.

Section 25, p. 229, vol. 1, R. S. 1852, provides a compensation for clerks, under the name of extra services, for making out transcripts in such cases.

But the clerk is not entitled to compensation from the county until he has delivered the transcript to the poor person.

The services of officers entitled to fees or salaries fixed by law, are not "particular services" within the meaning of sec. 21, art. 1, of the constitution of 1851.

APPLICATION for a rule against the clerk of the *Tippecanoe* Circuit Court to show cause why a *mandamus* should not issue against him, &c.

HOVEY, J.—*Falkenburgh's* attorneys filed affidavits for a *mandamus* against *Mark Jones*, clerk of the *Tippecanoe* Circuit Court. At the *November* term, 1853, of this Court, a

rule was entered against said *Jones*, requiring him to show cause why a *mandamus* should not issue returnable at the succeeding term.

The facts shown by the affidavits and the answer to the rule, are, that *Falkenburgh* was indicted for grand larceny at the *August* term, 1853, of the *Tippecanoe* Circuit Court. That Court permitted him to defend in *forma pauperis*, and assigned him counsel. He was tried and convicted, and prayed an appeal to this Court; but *Jones*, as clerk of said Court, refused to deliver or send up a transcript of the record until *Falkenburgh* should pay him his fees for making the same.

Is *Falkenburgh* entitled to the transcript before payment of the clerk's fees?

Section 558, vol. 2, R. S. 1852, p. 159, provides, that upon the request of the appellant, and upon the payment of the proper fee, the clerk shall forthwith make out and deliver to the party, at his request, or transmit to the clerk of the Supreme Court, a transcript of the record in the cause, &c. This section is found in the article under the title of "Appeal in Civil Actions," but by section 6, vol. 1, R. S., p. 291, it is provided, that in criminal cases fees and costs shall be taxed and collected, as in other cases, from the person convicted.

From these sections the clerk would, as a general rule, be entitled to his fee before parting with the record; but by the 15th section, vol. 2, R. S., p. 30, it is enacted, that any poor person, not having sufficient means to defend an action, may apply to the Court in which the action is pending, for leave to defend as a pauper. The Court, if satisfied that such person has not sufficient means, &c., shall admit the applicant to defend as a poor person, and assign him an attorney, and all other officers requisite for the defence, who shall do their duty therein without taking any fee or reward from such person.

This section is merely declaratory of the common law. 1 Chitty's Crim. Law 413, 414.—*Rex* v. *Wright*, Strange 1041.

But there is a marked difference between the rights of

Nov. Term,
1854.

FALKEN-
BURGH
v.
JONES.

the citizens of this state under our constitution, and those of *English* subjects under the constitution of *Great Britain.* Parliament, by their theory, being omnipotent, could command services without reward; but by the broad language of our constitution, "No man's particular services shall be demanded without just compensation. No man's property shall be taken by law without just compensation; nor, except in case of the state, without such compensation first assessed and tendered." Sec. 21, art. 1.

In the case of *Blythe* v. *The State*, 4 Ind. R. 525, section 15, *supra*, underwent adjudication, and this Court decided that said section, so far as it relates to requiring the services of an attorney without compensation, is in conflict with said 21st section of the constitution, and void. But this case can be easily distinguished from that, so far as it relates to requiring services without compensation.

An attorney is not now an officer known to the laws of this state, and, hence, his services can not be required without compensation, but officers entitled to fees or salaries fixed by law, take their offices *cum onere*, and have no legal right to complain, as they are at liberty to resign, at any time, and release themselves from their burthens. Their services are *official*, and not *particular*, within the meaning of the constitution.

If section 21, article 1, is to be so construed as to give officers a just compensation for their services, we might probably be under the necessity of changing the law in regard to salaries by judicial legislation, a task we will not undertake without being further empowered and enlightened on the subject.

But we think the law in this case has provided compensation. The 25th sec., 1 R. S. 229, enacts, that the boards of county commissioners shall annually allow the clerk of the Circuit Court, sheriff and auditor, an annual compensation for all extra services, as such, not exceeding 100 dollars each, upon their filing a detailed statement under oath, with the items and dates, which allowance is to be in full for all extra and other services, where no certain fee is fixed by law.

The intention of the general assembly in enacting this
section, was to provide for the payment of the necessary
services of those officers, in cases where no fees could be
legally charged, and the fact that specific fees can be
charged for similar services, where parties do not prose-
cute or defend as paupers, will not prevent clerks from
charging such fees against the county under said section;
and in such cases, we think it is clear, that the county
board can not be compelled to pay before the record is
delivered to the pauper.    The clause "no man's particular
services shall be demanded without just compensation,"
does not require that such compensation shall be first paid
or tendered.    It is enough if provision has been made for
payment.    See construction of sec. 7, art. 1, constitution
of 1816, in *Rubottom* v. *Mc Clure*, 4 Blackf. 505, *The State*
v. *Beackmo*, 8 Blackf. 247, *Mc Cormick* v. *The President
and Trustees of Lafayette*, 1 Ind. 52.

In arriving at our conclusions, we have felt constrained
to give a liberal construction to our statutes in favor of the
pauper, for we can scarcely conceive of a system of laws
so inhuman and cruel that would consign the destitute
and friendless to conviction and infamy, without affording
full and ample means for investigation.    Such a system
would, in many cases, make poverty equivalent to crime;
for without the means of procuring writs, witnesses and
records, the innocent might, and frequently would be con-
victed; and that part of our constitution, which provides
that "justice shall be administered freely and without pur-
chase, completely and without denial," would be an empty
boast, and worse than mockery to the poor.

*Per Curiam.*—It is ordered that said *Jones* file a tran-
script of said record with the clerk of this Court within
thirty days, and that he pay the costs of this proceeding.

*D. Newell* and *W. F. Lane*, for the plaintiff.

*R. A. Riley*, *N. B. Taylor*, and *J. Coburn*, for the de-
fendant.