McCracken *v.* The State.

*A. Steele* and *R. T. St. John,* for appellee.

## McCracken *v.* The State.

County Recorder.—The act of *March* 6, 1865, (Acts 1865, p. 101,) which prohibits county recorders and other officers from practicing law, is constitutional.

APPEAL from the *Starke* Common Pleas.

Gregory, J.—Information against the appellant for practicing law, he being at the time the recorder of *Starke* county. Motion to quash overruled; plea, not guilty; trial by jury; verdict, guilty. Motion for a new trial overruled. Motion in arrest overruled, and judgment.

The only point made is, that the law of *March* 6, 1865, (Acts 1865, p. 101,) prohibiting supreme, circuit and common pleas judges, county clerks, auditors, treasurers, recorders, sheriffs and their deputies from practicing law, is unconstitutional. It is claimed that the act in question is in violation of section 21, article 7 of the constitution of the State. We think otherwise. The appellant took the office of recorder subject to such burdens as were or might be imposed by law. If he does not like the office with its legal obligations he can resign.

In *Falkenburgh* v. *Jones*, 5 Ind. 296, HOVEY, J., in delivering the opinion of the court, says: "An attorney is not now an officer known to the laws of this State, and, hence his services cannot be required without compensation, but officers entitled to fees or salaries fixed by law take their offices *cum onere*, and have no legal right to complain, as they are at liberty to resign at any time and release themselves from their burdens." A suspension of the right to practice law in the courts of this State is a burden the legislature has a right to impose on the officers named in the act of *March* 6, 1865, *supra.* There are burdens that could not be imposed by law even on an officer, but the one in question does not belong to that class.

The judgment is affirmed, with costs.

*M. A. O. Packard*, for appellant.

*D. E. Williamson*, Attorney General, for the State.