*D. P. Baldwin,* for appellant.

*N. O. Ross* and *R. P. Effinger,* for appellee.

THE CITY OF INDIANAPOLIS and Others *v.* GILMORE and Another.

CITY.—*Street Improvements.—Assessments.—Injunction.*—An injunction will not be granted to restrain the collection of an entire assessment against a lot in a city for a street improvement made under a contract with the common council pursuant to a city ordinance, because in performing the work a portion of the lot has been wrongfully appropriated, the fence torn down, the soil removed, and a sidewalk made thereon.

SAME.—*Recovery of Posesssion of Real Estate.*—Nor do such facts make a case for the recovery of the possession of real estate.

SAME.—*Trespass.*—But such a state of facts constitutes a cause of action for trespass; and it is no defense thereto that the street improvement has been made under the provisions of the general law for the incorporation of cities, that no injunction was applied for or obtained prior to the making of the contract, and that the owner has permitted the street to be improved and has made no objection thereto until after the completion of the work.

APPEAL from the Marion Civil Circuit Court.

Mary Gilmore and Daniel, her husband, sued the city of Indianapolis, William H. Craft, treasurer of said city, Michael O'Connor, and Thomas Dorsey.

The complaint is fully set out in the opinion.

A demurrer to the complaint by O'Connor and Dorsey having been overruled and exception taken, these defendants answered in two paragraphs: first, the general denial; second, that the common council of said city, on the 16th of April, 1866, passed an ordinance providing for the gra-

ding and graveling of Stevens street and the sidewalks thereof; that the contract for said grading and graveling was let to these defendants; that they did said work in pursuance of said contract, with the knowledge and consent of the plaintiffs, and by the plaintiffs' direction.

The city answered: first, the general denial; second, that the assessment was duly made by the authorities of the city, for the improvement of said street under an ordinance duly and properly passed, and under and by direction of the plaintiffs, and in accordance with the plaintiffs' instructions; third, that the street was improved under the provisions of the general law for the incorporation of cities; that no injunction was asked or obtained prior to the making of said contract for said improvement, but the plaintiffs suffered and permitted said street to be improved by grading and graveling, and made no objection to said improvement until after the work was completed.

The plaintiffs replied by the general denial to the second paragraph of the answer of O'Connor and Dorsey, and to the second paragraph of the city's answer; and demurred to the third paragraph of the city's answer. The demurrer was sustained, and exception taken.

The city treasurer made no appearance, and was defaulted.

Trial by the court; finding for the plaintiffs—that Mary Gilmore owned and was entitled to the possession of said lot; that the city of Indianapolis and O'Connor and Dorsey did wrongfully enter upon said premises and seize and take possession of a portion thereof and dig down and grade the same as a street, and exclude the plaintiffs therefrom; that an estimate had issued against said Mary to collect that portion of the cost of said street improvement assessed against said lot, and was, at the time of bringing this suit, in the hands of the defendant, the treasurer of said city, who was then about to sell said lot thereon; and that said estimate and precept were illegal. Decree, that said Mary do recover the possession of that portion of said lot

so wrongfully taken by defendants, to-wit, &c.; that the sheriff execute this order; that all proceedings under said. estimate and the precept for the collection thereof be forever restrained and enjoined; and that the plaintiffs recover their costs from the defendants.

Separate motions for a new trial were filed by the city and the contractors, which were overruled, and the rulings excepted to.

FRAZER, J.—The appellees were plaintiffs below, and alleged in their complaint, that Mary, wife of Daniel, owned a lot in Indianapolis, bounded on the south by Stevens street; that in pursuance of a city ordinance, the common council contracted with the appellants O'Connor and Dorsey, to grade and gravel the street and sidewalks thereof; that the work was completed on the 2d day of July, 1866; that in performing it the appellants wrongfully took and appropriated a strip of the lot, seven feet wide, bordering on the street, broke down the fence, and removed the soil and made a sidewalk thereon, under pretense that the same was a part of the street; that an estimate of the work done by the contractors has been made and approved by the council, and a precept awarded against the lot for three hundred and eighty-eight dollars, the amount assessed against it, which the plaintiffs, by reason of the premises, refuse to pay; that the city treasurer, made a defendant, has advertised and will sell the lot unless restrained. Prayer for injunction, two thousand dollars damages, and possession of the strip of ground.

We think that the complaint made no case for an injunction. According to its averments, something was properly chargeable against the lot on account of the improvement of the street. Whatever was justly due should have been paid. Equity required this; and a party seeking equity must do equity. There is no warrant in sound principle or justice to sustain an injunction restraining the collection of an

entire tax or assessment, merely because too much is charged. We have several times so held.

Nor does the complaint make a case for the recovery of the possession of real estate, for it does not sufficiently appear that possession is withheld.

But it does allege a trespass, and is therefore good on demurrer by O'Connor and Dorsey, the contractors. ·

If what has been said concerning the complaint is correct, it follows that the third paragraph of the city's answer was bad, and that the demurrer to it was properly sustained. It presented no answer at all to the only sufficient cause of action shown by the complaint.

The judgment of the court was not warranted by the complaint, and must be reversed, and a new trial awarded.

The evidence, indeed, strongly impresses us that there was no encroachment upon the plaintiffs' property, and that if any portion of the lot was improved as a street, it had been previously dedicated to public use as a street. But upon this subject we prefer to determine nothing, inasmuch as that question must be tried again.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*B. K. Elliott*, *S. Major*, and *J. B. Black*, for appellants.

*A. G. Porter*, *B. Harrison*, and *W. P. Fishback*, for appellees.