# THE CITY OF COLUMBUS and Others *v.* STOREY and Others.

COMMON COUNCIL.—*Sewers.*—The common council of the city of Columbus, under the provisions of the 43d subdivision of section 53 of the act for the incorporation of cities, approved March 14th, 1867, passed an ordinance in

July, 1869, for the construction of a sewer, defining the route along which it should be constructed, the material to be used, and size of the sewer, declaring what real estate would be benefited by the construction of the same, and directing that the cost be assessed against the owners of the real estate benefited. In August thereafter, another ordinance was passed, to provide for the extension of the sewer, changing also the character of the material to be used, as well as the size of the sewer, but not declaring any change in the real estate benefited. The cost of the sewer was apportioned by the engineer among the owners of the lots designated as benefited in the first ordinance, and the owners required to pay the amounts assessed against them. Suit by the owners to enjoin the collection of the assessments.

*Held,* that the common council could not change the character of the work and extend it over other portions of the street, and still charge its cost upon the same property which would have been benefited by the construction of the sewer provided for in the first ordinance.

APPEAL from the Bartholomew Common Pleas.

DOWNEY, C. J.—This action was brought by the appellees against the appellants, to enjoin the collection of certain assessments made against their lots to pay the cost of the construction of a sewer.

The court granted a temporary restraining order or injunction, from which the appeal is taken. The provision in the present law with reference to the incorporation of cities on this subject is as follows:

"The Common Council shall have power to enforce ordinances:      *      *      *      *      *      *      *      *      *
To construct and regulate sewers, drains and cisterns, and provide for the payment of the cost of constructing the same; to cause the same to be done by contracts given to the best bidder, after advertising to receive proposals therefor; to provide for the estimate of the cost thereof, and the assessment of the same upon the owners of such lots and lands as may be benefited thereby, in such equitable proportion as the Common Council may deem just, which estimate shall be a lien upon such lots and lands, and may be enforced by sale of the same, in such manner as the Common Council may provide."

Acts of 1867, p. 58, sec. 53, subdivision 43.

On the 19th day of July, 1869, the city council adopted the

following ordinance: "An ordinance to provide for the construction of a sewer on Harrison street, declaring what property is benefited thereby, and assessing the expense thereof upon such property.

"Be it ordained by the common council of the city of Columbus.

"Sec. 1. That a sewer shall be constructed on Harrison street in said city, from the alley between Washington and Franklin streets to the west side of the Jeffersonville, Madison, and Indianapolis Railroad, near the western terminus of said Harrison street. Said sewer shall be placed on the line of the south gutter of said street, and shall be made with a fall of four inches to each one hundred feet of the length thereof. It shall be made of glazed stone-ware draining tile, or pipes, of the inside diameter of twelve inches; the tile, or pipe, to be of same quality and kind as the sample now in possession of the authorities of said city. The inlet and outlet of the sewer shall be constructed of blue limestone, —— feet long, the same at the entrance of the sewer, to be two feet wide at the mouth and one foot deep. The top to be covered with a flagstone that can be removed for the purpose of cleaning the sewer.

"It is declared that the following real estate in said city will be drained and benefited by said sewer, to wit: all the real estate on Harrison street between the track of the J., M., & I. R. R. and the alley between Mechanic and Pearl streets; all the real estate on Franklin street between Delaware street and the track of J., M., & I. R. R.; all the real estate on Mechanic street between the first alley south of Jefferson street and the track of the Columbus and Shelby branch of the J., M., & I. R. R. and all the real estate on Delaware street between Mechanic and Pearl streets; also the crossings of streets and alleys within the aforesaid limits. And it is ordered that the expense of constructing said sewer be assessed upon the owners of the real estate included within the foregoing limits, in proportion to the number of lineal feet owned by them respectively upon said streets, and that

the same be a lien upon said real estate, in the same manner and to the same extent, and be collected in the manner, and according to the forms that assessments for street improvements are assessed and collected, according to the provisions of the city charter. The city of Columbus shall pay for crossing of streets within said limits, in proportion to the width thereof.

"Sec. 3. The city engineer will immediately set stakes indicating the course, depth, and fall of said sewer, and will immediately advertise by handbills, posted in conspicuous places of said city, for at least five days, for sealed proposals for the construction of said sewer, including all necessary excavations, the furnishing of the material, the buying of the same, and the removal of all earth and rubbish not used in the construction thereof; the work to be completed on or before the first day of September, and the council reserving the right to reject any and all bids."

And on the 10th day of August, 1869, the city council adopted the following additional ordinance: "An ordinance to provide for the extension of the sewer on Harrison street.

"Sec. 1. Be it ordained by the common council of city of Columbus; that the sewer heretofore ordered to be constructed on Harrison street in said city by an ordinance adopted July 19th, 1869, shall be extended from the east side of Franklin street to the western terminus of said street, and shall be constructed of unglazed horse-shoe tiling, nine inches in inside diameter, the same to be laid to the depth, and with the fall established or prescribed in the ordinance above referred to. The joints to be laid in cement, with clay thrown around the tiling and well rammed. The earth from the ditch to be replaced or removed.

The civil engineer is directed to advertise forthwith for sealed proposals for furnishing materials for said sewer, and also for constructing the same, including the excavation, laying the tiling, and removal of surplus earth; bids for material and construction, to be made separately. Such advertising

shall be for ten days, the bids to be reported to the council at the next meeting thereof.

"All ordinances heretofore adopted in relation to said sewer are hereby repealed, in so far as they conflict with this ordinance, but the same are continued in force as to the manner of assessing and collecting the expense of construction of said sewer, and such provisions are made applicable to this ordinance."

After the sewer was completed, the civil engineer of the city made a report to the council, in which he apportioned the expenses of the work among the owners of the lots in the district or on the streets designated in the ordinance of July 19th, 1869, charging against each piece of property the same amount per front foot, so much in favor of the party who furnished the material, and so much in favor of the person who did the work. This statement was adopted by the council as a first and final estimate in favor of each of said parties, and the property owners were required to pay the sums set opposite to their names, being the amount so reported by the engineer.

Several objections are urged against the validity of these proceedings of the city council and its officers.

Under the original act for the incorporation of cities, sewers were constructed and paid for under the same rules as streets, &c. Why the law was changed from what it was to what it is, we do not know. In *The Board of Commissioners of Allen County* v. *Silvers,* 22 Ind. 491, the subject was considered with reference to the original law of 1852, but little or no aid can be derived from that adjudication in any question arising under the present law.

We do not think it necessary to go into an examination of all the questions argued in this case. A single, well founded objection to the proceeding will be fatal to the right of the contractors to recover, and will justify the judgment of the common pleas, in granting the restraining order or injunction.

It will be observed that the ordinance of July 19th, 1869,

fixes the character of the improvement, and provides that it shall be "constructed on Harrison street in said city, from the alley between Washington and Franklin streets to the west side of the Jeffersonville, Madison, and Indianapolis Railroad, near the western terminus of said Harrison street;" and it also provides what real estate will be "drained and benefited by said sewer."

But by the ordinance of August 10th, 1869, the character of the drain is changed, and, which is still more material, it is provided that the drain "shall be extended from the east side of Franklin street to the western terminus of said Harrison street."

While the character of the work is changed by the last ordinance, and its length is also changed, no change is made in the taxing district.

Conceding that everything else which was done was correctly done, it seems to us that this is a fatal objection to the proceeding. If the city council had the power to say what property would be benefited by the construction of the sewer which was provided for in the first ordinance, they certainly had not the right to construct a work of a different character, and extending over other portions of the street, and still charge its cost upon the same property that would have been benefited by the construction of the sewer first described. And it is not material, it strikes us, whether the sewer constructed was longer or shorter than that for which the benefits were estimated. If it was longer, then probably other property beside that included as benefited by the sewer as first provided for should have been included as benefited. And if it was shorter, then we may infer that some of the property charged with the expense of constructing the same should not have been included.

The judgment of the common pleas is affirmed, with costs.*

*F. Winter*, for appellants.

*R. Hill*, *G. W. Richardson*, and *S. Stansifer*, for appellees.

* Petition for a rehearing overruled.