Allen *v.* Jones.

---

## ALLEN *v.* JONES.

EMINENT DOMAIN.—The right of eminent domain lies dormant in the State until legislative action is had pointing out the occasion, mode, conditions, and agencies for its exercise; and it should never be exercised except when the public interest clearly demands it, and then cautiously and in accordance with law.

Allen *v.* Jones.

SAME.—*Construction of Statute.—Cities.—Power to Appropriate Private Property to Construct Sewers.*—Under the act of 1867 for the incorporation of cities, a city does not possess the power to condemn and appropriate private property for the construction of sewers.

SAME.—The forty-third subdivision of the fifty-third section of the act of 1867 for the incorporation of cities, which provides that the common council may enforce ordinances "to construct and regulate sewers, drains, and cisterns, and provide for the payment of the cost of constructing the same," does not confer the power to condemn and appropriate private property for the construction of sewers.

SAME.—The fifty-first subdivision of section 53 of the act of 1867 for the incorporation of cities, which provides that the common council may enforce ordinances "to provide on what terms real estate in such city may be drained by means of surface or underdrains over and across other real estate therein," relates to the construction of drains by one land-owner over and across the lands of another, and not to the construction of public sewers.

From the Tippecanoe Circuit Court.

*F. B. Everett*, for appellant.

*J. R. Coffroth* and *T. B. Ward*, for appellee.

DOWNEY, J.—This was an appeal from a precept issued by authority of the city council of the city of Lafayette for the collection of an assessment made upon the real estate of the appellee in favor of the appellant, who was the contractor in the construction of a sewer. The sewer was not constructed on or along any public street or alley of the city, except at the north end where it is located across Columbia street, but is located and constructed on and across private property, where there is no street or alley. The city council passed a general ordinance providing for the construction of sewers on and across private property, the assessment of the damages to the property owners, etc., the sections of the ordinance corresponding substantially with the sections of the act relating to the incorporation of cities, which provide for the assessment of damages and benefits in the opening and improvements of streets. It is not deemed necessary to set out the ordinance here, as its exact provisions do not become material in the decision of the case. The city also passed another ordinance providing for the construction of this particular sewer.

A demurrer to the transcript was filed by the appellee herein, in the circuit court, on the ground that it did not state facts sufficient to constitute a cause of action, and the demurrer was sustained by the court. This ruling is the error assigned.

Two questions are presented and argued:

1. Has the city the power to condemn and appropriate private property for the construction of the sewer? and, 2. If it has the power, did it exercise it according to law in this case?

As was said in *The City of Columbus* v. *Storey*, 35 Ind. 97, the law of 1867, on the subject of the incorporation of cities, with reference to sewers, is different from the law as originally enacted on that subject, and so does it differ from the act of 1857. In the original act in section 57, and in the act of 1857 in section 59, express power was conferred upon the city council "to construct and establish sidewalks, crossings, drains, and sewers." But in the act of 1867 the words "drains and sewers" are omitted in that connection. 3 Ind. Stat. 94, sec. 61.

Section 53 of that act, in enumerating the powers of the common council to enforce ordinances, contains the following:

"43d. To construct and regulate sewers, drains, and cisterns, and provide for the payment of the cost of constructing the same; to cause the same to be done by contracts, given to the best bidder, after advertising to receive proposals therefor; to provide for the estimate of the cost thereof, and the assessment of the same upon the owners of such lots and lands as may be benefited thereby, in such equitable proportion as the common council may deem just, which estimate shall be a lien upon such lots and lands, and may be enforced by sale of the same, in such manner as the common council may provide."

Counsel for appellant say: "If this subdivision relates to the construction of sewers through private property, then we respectfully submit that it is complete authority to sustain

the acts of the city council; for although the right to condemn property for the use of a sewer is not expressly conferred, yet it is necessarily incident to the powers granted, and therefore must be implied.

Counsel also say: " If this subdivision does not contemplate the construction of sewers through private property, then is not the power conferred by subdivision fifty-one fo the same section, which reads as follows:

"'51st. To provide on what terms real estate in such city may be drained by means of surface or underdrains over and across other real estate therein?'

" And if this fifty-first subdivision does confer the power, then does not the forty-third subdivision prescribe the mode of exercising such power, and do not the two provisions warrant the city in doing what was done in this case?"

No objection is made to the form of the ordinance passed by the common council, but the question is, had it the right to exercise the power of taking private property by and in pursuance of the ordinance? The forty-third subdivision gives power to the council, by ordinance, to construct and regulate sewers, drains, and cisterns, and provide for payment of the cost of constructing the same. This language does not seem to us to confer the power claimed. The cost of constructing a sewer is clearly a different thing from the acquisition of the right to construct the sewer through the lands of a private individual.

The fifty-first subdivision, authorizing the council, by ordinance, to provide on what terms real estate in the city may be drained over and across other real estate therein, seems to us to relate to the construction of drains, etc., by one land-owner over and across the lands of another, and not to the construction of public sewers by the city.

It can not be successfully claimed that the power to condemn lands of private persons is necessarily implied in the grant of power to enforce ordinances to construct sewers. That power may exist and be exercised in the construction of sewers along the streets and alleys of the city, or, when

the right can be secured by contract, in the lands of private persons.

The right of eminent domain, or that right by which the sovereign power, for public uses, takes and appropriates the property of the citizen, is one which should be watched with great vigilance. It should never be exercised except when the public interest clearly demands it, and then cautiously and in accordance with law. The right is one which lies dormant in the State until legislative action is had pointing out the occasion, mode, conditions, and agencies for its exercise. *Dyckman* v. *The Mayor, etc.,* 5 N. Y. 434; Cooley Const. Lim. 527.

In *The Water Works Co.* v. *Burkhart,* 41 Ind. 364, it was said by OSBORN, J.: "No property can be taken for public use by condemnation otherwise than by legislative authority, and in the manner and for the purposes authorized."

Judge DILLON says: "Not only must the authority to municipal corporations, or other delegated legislative agents, to take private property, be expressly conferred, and the use for which it is taken specified, but the power, with all constitutional and statutory limitations and directions for its exercise, must be strictly pursued." Dillon Mun. Corp., sec. 469.

Again: "The tribunal by which the amount of compensation to the land-owner is to be determined must be prescribed by positive law." Dillon Mun. Corp., sec. 482. See, also, *Harbeck* v. *The City of Toledo,* 11 Ohio St. 219.

In *McCormick* v. *The President, etc.,* 1 Ind. 48, the court says:

"As the constitution, though it prohibits the taking of private property for public uses without compensation, does not prescribe any mode by which the amount of compensation shall be ascertained, such mode must necessarily be provided by the legislature." See, also, *Dronberger* v. *Reed,* 11 Ind. 420.

It does not appear whether the sewer was or was not constructed with the assent of the appellee, and therefore we

decide nothing as to the effect of such consent if given. It is better, even if there was some doubt upon this point, that it should be settled by further legislation, conferring the power upon the city, than that we should depart from the well settled rules of construction in this class of cases. We hold that the city does not possess the power to condemn and appropriate private property for the construction of a sewer as is claimed in this case. This conclusion renders any examination of the second question unnecessary.

The judgment is affirmed, with costs.