## NALTNER ET AL. *v.* BLAKE.

CITIES AND TOWNS.—*Assessment for Street Improvement.*—*Sale.*—*Description.*—*Real Estate, Action to Recover.*—Where real estate sold by a city, to satisfy an assessment upon it for the improvement of a bordering street or alley, is described in the certificate of such sale, and in such assessment, as "fifty feet, middle south half of square," etc., such description is insufficient, such sale is void, and the purchaser can not recover possession of such realty.

SAME.—*Appropriating Real Estate.*—*Erecting Wall on Same.*—Where, in making such improvement, and as part thereof, such city enters upon 'and appropriates part of such realty, by erecting a wall thereon, the cost of constructing such wall, whether made with or without the consent of the owner, can not be included as part of such assessment, and sale be made for the aggregate.

SAME.—*Sale for Illegal Sum.*—*Lien.*—If sale be made for such aggregate amount, it is illegal and void ; and if, in an action by the purchaser to recover such realty, or to enforce a lien for the amount of such assessment, less the cost of such wall, no data appear by which the latter amount can be separated from the former, he is entitled to no relief.

From the Marion Superior Court.

*N. B. Taylor, F. Rand* and *E. Taylor*, for appellants.

*C. Baker, O. B. Hord* and *A. W. Hendricks*, for appellee.

PERKINS, C. J.—On the 31st of August, 1868, the city of Indianapolis, Indiana, passed "An ordinance to provide for the securing of the embankment, and grading and gravelling the alley, in square ninety-six, on the west bank of Pogue's Run, between South and McNabb streets."

Indianapolis is a city, organized under the general law of this State for the incorporation of cities.

The alley was graded and gravelled, and the embankment made, as provided for in the ordinance. The cost

of the work was assessed upon the owners of the property bordering upon the improvement. That upon the property of the defendant described it as follows : "Fifty feet, middle south half of square ninety-six, Blake's subdivision of Indianapolis," the sum of eleven hundred and twenty-four dollars and twenty-six cents.

The alley to be improved, and which was improved, was fifteen feet in width. It was bounded on the east side by a little rivulet called Pogue's Run. The bed of the stream is, perhaps, ten feet below the surface of the said alley. In order, therefore, to maintain the alley, on its travelled surface, fifteen feet in width, it became necessary to build a wall, from the bed or bottom of the Run, up to the surface of the alley.

This is what is termed in the ordinance the embankment. The alley was graded and gravelled, and the wall or embankment built. But, instead of building it on the line of the alley, and within the alley, the city took two feet in width, of the property of the defendant, along the east side of the alley, built the wall upon it, thus widening the alley two feet, and included the expense of erecting the wall in the amount of the expense of improving the alley, and assessed it, also, to the property-owner, whose land it had taken, without compensation, on which to build it. The assessment was made as above stated. It was not paid.

The property was sold by the city, on failure of payment of the assessment, by the description : " Fifty feet, middle south half of square ninety-six, in the city of Indianapolis," and a certificate, containing the same description and no other, given to the purchaser at the sale, viz., Henry Helm, the contractor for making the improvement. By transfer, the certificate has become the property of the plaintiffs in this case ; and, in two paragraphs of their complaint, they seek to recover possession of the land, and in another they ask, if they can not recover the land, to have a lien declared upon it, in their

favor, for the amount of the bid at the sale, viz., twelve hundred dollars and seventy-six cents.

The defendant, Mrs. Eliza Blake, resists the claims of the plaintiffs to recover possession, and to have a lien declared, on account of illegality in the proceedings in which the plaintiffs' claims originate.

She insists that the assessment upon, and sale of, the property were void, on account of the insufficient description therein of the property. And, further, that the taking of her ground, without compensation made or tendered, and building a wall upon it at her expense, could not create a valid claim against her. *The City of Delphi* v. *Evans*, 36 Ind. 90.

The second ground of objection, the plaintiffs endeavor to obviate as follows:

They admit that the whole of said wall is on the real estate of defendant, but they aver and charge, that, although the defendant was, at the time the said wall was located and built, the actual owner of the said strip of real estate, the legal title to the same was in one Stoughton A. Fletcher, Jr., who held, controlled and managed the same as trustee and agent of and for the said defendant, (no trust and agency, however, being declared in writing, nor being of record, and it appearing from the records that said Fletcher was the actual and sole owner of said real estate, but who afterward, and after the said wall was built, conveyed and transferred the legal title thereto, by deed of quitclaim, unto the said defendant,) and said Fletcher, being such holder of the legal title to said real estate, and managing and controlling the same, did consent that the said wall should be built, put and placed in the said place, and on the said line, and on the said premises, and did request that the same should be so put, placed and erected, and without such consent and request the wall would have been put and built on the west line of said premises, and with its east line or face next to the west line of the same;

and said wall, upon and after such consent and request, and by reason thereof, was put, placed and built upon and in the place alleged in said fifth paragraph of answer, and with its west line or face next to the east line of said alley, and upon the said premises.

Waiving the question of the power of a trustee or agent to bind the real owner, by such consent or permission to a third party to use the estate of the real owner, as that claimed to have been given in this case, where the party to whom the consent was given had no knowledge of the trust, it is clear to us that where such party had such knowledge, the consent of the agent or trustee alone could not bind the real owner.

And we think it devolves upon the party who has thus used and incumbered the property of another, to show that the party did so, in the absence of such knowledge. This fact is not only not averred in this case, but, on the contrary, there is much in the record to justify the inference, that Mrs. Blake, the real owner, was in the actual possession of the land at the time, which of itself would be notice.

The defendant's answer alleges, that, " on the 31st day of August, 1868, she was in possession of said land, under a *bona fide* claim of ownership in fee-simple; the same being situate within the corporate limits of the city of Indianapolis; and that on that day an ordinance was passed by the mayor and common council of said city, entitled an ordinance to provide for the securing of the embankment and grading and gravelling the alley," etc.

There was no general denial, and no special traverse, of this allegation, in the reply to the answer.

The complaint shows that Helm, the contractor, demanded payment of Mrs. Blake; and that the city treasurer, also, demanded payment of Mrs. Blake, showing that at those times they knew she was the owner.

But suppose the consent to erect the wall on the ground of the defendant was given, and binding, that did not

authorize the city to charge the owner with the expense of it. We think the sale on the assessment was void, on account of the insufficient description of the property, and that the lien can not be sustained on account of the illegal action, in the building of the embankment.

And as the assessment for the grading and gravelling the alley is aggregated with that for the building of the wall, and no data appear for separating the legal from the illegal; indeed, the sale upon the assessment was an entirety, as to the property sold and the assessment on which it was sold, the property being purchased by a single bid for the amount of the assessment; this being so, we say, a case of confusion of the legal and illegal is presented which vitiated the whole.

We think the sale was invalid, and that no lien exists upon the property, and that the judgment below for the appellee was right. ·

The case was decided below upon the affirmative pleadings, all denials being withdrawn by agreement.

The judgment below is affirmed, with costs.