Filed Nov. 1, 1889.

No. 14,626.

JACKSON v. SMITH.

MUNICIPAL CORPORATION.—*Cities.—Common Council.—Jurisdiction.—Local Improvements.*—In the matter of local improvements jurisdiction is conferred upon municipal corporations over the whole subject thereof, and the common councils of those corporations are invested with exclusive original jurisdiction.

JURISDICTION.—*Extent of.—Tribunal.—Cases of a General Class.*—Where a tribunal has jurisdiction of a general class of cases, every case of that class is within the subject of the tribunal's jurisdiction. Any movement in a case belonging to a class over which the tribunal has authority is jurisdiction. *Allen* v. *Jones*, 47 Ind. 438, modified; *Naltner* v. *Blake*, 56 Ind. 127, distinguished.

SAME.—*Of Subject and Person.—Void Judgment.—Statutory Requirements.—Non-Compliance with.—Effect of.*—Where it appears that a case is one of a general class over which the tribunal has jurisdiction, the judgment is not absolutely void if the particular subject was within the territorial jurisdiction of the court, and there was jurisdiction of the person, although the statutory requirements may not all have been complied with by the tribunal or its officers.

DRAINAGE.—*Assessment for.—Common Council.—Jurisdiction of.—Collateral Attack upon.—Suit to Quiet Title.*—An assessment for construction of sewer drainage is within the subject of the jurisdiction of the common council, and can not be declared void in a collateral attack to quiet title to land sold for the assessment, unless it appears there was no authority over the particular improvement ordered or the particular property assessed.

SAME.—*Local Assessment.—Sale of Land for.—Quieting Title.—General Decree. —Payment of Lien.—Void Assessment.*—One who seeks to quiet title to land

sold for an assessment for drainage is not entitled to a general decree while any part of the assessment is due; one who would save his title must pay, or tender payment of, the lien. Unless the assessment is wholly void he is not entitled to a general decree.

· SAME.— *Way Improved.— City's Ownership of.— How Disproved*—Where an improvement has been made and property benefited, the property-owner seeking afterwards to show that the way improved did not belong to the city, must show that it was not acquired by condemnation, purchase, dedication, or prescription.

From the Howard Circuit Court.

*J. E. Moore, M. Garrigus* and *J. O'Brien,* for appellant.

*J. C. Blacklidge, W. E. Blacklidge* and *B. C. Moon,* for appellee.

ELLIOTT, C. J.—This controversy arises out of the proceedings of the common council of the city of Kokomo ordering that walls be placed along the banks of a watercourse, which flows through the city and is part of its system of drainage, and directing an assessment upon private property to pay the expense of making the improvement. The appellant seeks to quiet her title and asserts that the proceedings were absolutely void.

It will make our path the easier to travel if we first dispose of some matters which, although of a preliminary nature, are important. This action is a collateral and not a direct attack upon the proceedings, and, as has been held, again and again, if there was jurisdiction of the subject and the person it must fail, no matter how many or how grave the errors and irregularities that may have been committed. *Montgomery* v. *Wasem,* 116 Ind. 343, and authorities cited. In the matter of local improvements jurisdiction is conferred upon municipal corporations over the whole subject of local assessments, and the common councils of those corporations are invested with exclusive original jurisdiction. Why those tribunals do not have general jurisdiction of the subject it is not easy to perceive, for no other tribunal can have original jurisdiction. It is true that the jurisdiction is stat-

utory, but that is true of all our courts of original jurisdiction to a very great extent, and they can not be said to be—at all events it never has been judicially said that they are—courts of such limited jurisdiction as renders their judgments open to collateral attacks where there is authority to proceed at all, although there may be many errors; nor can it be justly said that where there is authority to proceed there is no jurisdiction, for the authority to proceed is jurisdiction. *Board* v. *Markle, etc.*, 46 Ind. 96; *State* v. *Commonwealth*, 12 Peters, 657; *Dequindre* v. *Williams*, 31 Ind. 444. It has, on the contrary, been often asserted that in such cases collateral attacks are unavailing. As jurisdiction is conferred over the whole subject of local assessments for local improvements in cities, it seems to clearly follow that in every case a local assessment is within the subject of the court's jurisdiction. We do not affirm that the particular case is always within the jurisdiction of the inferior tribunal, for there may be no authority over the person or the particular property involved in the particular case, but what we affirm is, that a local assessment is always within the subject of the tribunal's jurisdiction. In affirming this we do no more than affirm that where the tribunal has jurisdiction of a general class of cases, every case of that class is within the subject of the tribunal's jurisdiction, for by the term subject can only be meant cases of a general class. The circuit court has jurisdiction of actions for the recovery of real property, and every action of that character is within the subject of the court's jurisdiction, but it may often happen that the court has no jurisdiction over the subject of the particular action; as, for instance, the court may not have jurisdiction of the particular tract of land involved in the controversy. It remains true, nevertheless, in every instance of the kind mentioned, that there may be jurisdiction of the general subject of controversies respecting real property, and yet no jurisdiction of the subject-matter of the particular case. There is, therefore, a difference between

the subject of the court's jurisdiction and the subject-matter of the particular action, for the subject of the court's jurisdiction is a class, but the subject-matter of a particular case is a single thing, not a multitude of things. Our cases, and there are many of them, which hold that where the case belongs to a general class over which a tribunal has jurisdiction, a judgment rendered in it is not absolutely void although the notice may be defective, or some steps may not have been taken that were necessary to fully impress regularity and legality upon the proceedings, are strongly intrenched in principle. *Johnson* v. *State*, 116 Ind. 374; *Hobbs* v. *Board, etc.*, 116 Ind. 376; *Otis* v. *DeBoer*, 116 Ind. 531; *Montgomery* v. *Wasem, supra; Prezinger* v. *Harness*, 114 Ind. 491; *Robinson* v. *Rippey*, 111 Ind. 112; *Strieb* v. *Cox*, 111 Ind. 299; *Pickering* v. *State*, 106 Ind. 228; *Argo* v. *Barthand*, 80 Ind. 63; *Ricketts* v. *Spraker*, 77 Ind. 371. In *Ross* v. *Stackhouse*, 114 Ind. 200, effect was given to this general principle in proceedings to enforce an assessment for a street improvement ordered by a municipal corporation. The same general principle was recognized in *City of Elkhart* v. *Wickwire*, 22 N. E. Rep. 342, and held applicable in local assessments levied for the purpose of constructing a sewer.

The general conclusion which we here seek to deduce and apply is, that our decisions (which, as we believe, may be vindicated on the soundest principle) declare that where it appears that the case is one of a general class over which the tribunal has jurisdiction, that is, one within the subject of the tribunal's jurisdiction, the judgment is not absolutely void if the particular subject was within the territorial jurisdiction of the court, and there was jurisdiction of the person, although the statutory requirements may not all have been complied with by the tribunal or its officers. The application of this general conclusion to the case in hand authorizes the judgment that the assessment assailed was within the subject of the jurisdiction of the common council, and,

therefore, it can not be declared void in this collateral attack unless it appears that there was no authority over the particular improvement ordered or the particular property assessed.

We come now to what may be regarded as the second of the preliminary questions. The appellant was not entitled to a general decree quieting title if any part of the assessment was due. It is a general principle of wide application, that one who seeks to save his title can not do so if a lien exists upon it unless he pays, or tenders payment of, the lien. *City of Indianapolis* v. *Gilmore*, 30 Ind. 414; *Morrison* v. *Jacoby*, 114 Ind. 84; *City of Elkhart* v. *Wickwire, supra*. We do not assert that in the proper case there may not be a qualified decree, that is, one preserving the lien, but declaring the fee to be in the plaintiff, but we do affirm that the appellant could not, if any lien existed, sweep it away by a general decree quieting title. The effect of such a general decree as against parties to the action is to sweep away all claims that cloud the title. *Ragsdale* v. *Mitchell*, 97 Ind. 458; *Watkins* v. *Winings*, 102 Ind. 330; *Indiana, etc., R. W. Co.* v. *Allen*, 113 Ind. 581.

The application which we here make of this principle is that we can not decide that the court below erred in giving judgment in the appellee's favor, unless we find the assessment to be utterly void, for if not void, the appellant has no right to a general decree. We do not decide whether irregularities will prevent the acquisition of title, but we do decide that they will not always render an assessment absolutely void. It may well be that the courts will establish a lien and yet not adjudge that title was acquired under the sale upon an assessment. It is a matter of frequent occurrence in cases arising out of sales for taxes, to deny that title passes and yet declare a lien. We make, and mark as distinctly as we can, a difference, between cases where the question is whether title passes and cases where the question is whether a lien shall be upheld. If the appellant had asked

a qualified decree we should have a radically different case before us. The courts are, and with good reason, reluctant to permit title to be acquired under a sale for taxes or local assessments; but they should not be reluctant to preserve the lien for the expense of making a local improvement, for the reason which justifies them in preventing the acquisition of title completely fails when the question is whether an assessment shall be upheld. The assessment is made upon the theory that the benefit to the property is equivalent to the expense. The owner, therefore, receives a thing of value, and he ought, in equity and good conscience, to pay for it, notwithstanding the fact that the local officers may not have obeyed the statute in every regard. It is just to protect his title when he offers to pay for the thing of value rendered him in the form of the benefit resulting from the improvement, but it is not just to relieve him from paying the assessment because the local officers have made mistakes.

The principal question in the case arises upon the contention of appellant's counsel that the municipal corporation had not acquired by purchase or condemnation the right to construct walls upon private property, and that the assessment is therefore void. The first case cited in support of this contention is *Allen* v. *Jones*, 47 Ind. 438. That case might be effectually disposed of by the simple affirmation that the assault which brought the assessment in question was directly made by an appeal, but we can not pass the case without saying that its authority is in many respects much weakened by the decisions of our own and other courts; at all events, we do not so pass it as to leave the impression that we fully sanction all that it decides. In so far as the case holds that there is no general jurisdiction over local assessments vested in municipal corporations, it must be disapproved, for any movement in a case belonging to a class over which the tribunal has authority is jurisdiction, provided the particular property affected and the person are within the scope of the tribunal's authority. *Board* v. *Markle, etc., supra.* The case

of *Naltner* v. *Blake*, 56 Ind. 127, presents something more of difficulty, but it is readily discriminated from this case, for there the owner of the property herself complained of the unlawful entry on the land, and resisted the assessment, upon the ground that the unlawful seizure of her land conferred no right to build a wall at her expense.   It must be said of that case that it did not receive much consideration, for there is little or no discussion, and not a single authority is brought to its support.   The only case there cited is that of *City of Delphi* v. *Evans*, 36 Ind. 90, and the decision in that case is directed to an entirely different point.  But it is unnecessary to very fully discuss the decision in *Naltner* v. *Blake, supra,* for it is in direct conflict with the later case of *McGill* v. *Bruner*, 65 Ind. 421, and is opposed to the principle declared in many other cases.   *Clements* v. *Lee*, 114 Ind. 397 ;  *Ross* v. *Stackhouse*, 114 Ind. 200 ;  *Taber* v. *Ferguson*, 109 Ind. 227 ; *Taber* v. *Grafmiller*, 109 Ind. 206 ; *Balfe* v. *Lammers*, 109 Ind. 347 ; *Martindale* v. *Palmer*, 52 Ind. 411 ;  *Palmer* v. *Stumph*, 29 Ind. 329 ; *Board, etc.*, v. *Silvers*, 22 Ind. 491 ; *City of Indianapolis* v. *Imberry*, 17 Ind. 175.   In the cases of *Holmes* v. *Village of Hyde Park*, 121 Ill. 128, and *Village of Hyde Park* v. *Borden*, 94 Ill. 26, the question arose on an assessment levied for the improvement of a street, and it was held that the property-owner could not be heard to aver that the municipal corporation had not acquired title to the street. This point was ruled upon in *Palmer* v. *Stumph, supra,* and *McGill* v. *Bruner, supra,* and the decision was the same as that of the Supreme Court of Illinois.

The decisions make a distinction between cases where the attack is made upon the proceedings before the work is completed, and those in which there is no attack until after the work has been done, and there is sound reason for this distinction.    There are, no doubt, many questions which might be litigated if made before the work has been done in whole or in part, that equity requires should not be open to litigation at the suit of one who has suffered money to be expended

Jackson *v.* Smith.

on the faith of the validity of the proceedings. *Ritchie* v. *South Topeka,* 38 Kan. 368; *Balfe* v. *Lammers, supra.*

We do not decide that there may not be cases in which the property-owner might show, even after the work was done, that the way improved did not belong to the city, and could not be acquired by it; but to entitle him to relief in such a case he would be required to show an exceedingly strong case; it would not be enough to show that the way had not been acquired by condemnation, for he would be required to show that it was not acquired by purchase, dedication, or prescription. Property may be acquired in any one of three methods named, and evidence that it was not acquired in one of those methods is very far from proving that it was not rightfully acquired. *Leeds* v. *City of Richmond,* 102 Ind. 372; *Faust* v. *City of Huntington,* 91 Ind. 493. A property-owner may be precluded from asserting title where the facts equitably estop him from doing so. *City of Indianapolis* v. *Kingsbury,* 101 Ind. 200; *Faust* v. *City of Huntington, supra.* In this case there was not sufficient evidence to entitle the appellant to a general decree quieting title even if the question as to the right of the city to use the watercourse had been open to controversy.

Judgment affirmed.

Filed Oct. 31, 1889.