Nov. Term,
1856.
—
ISRAEL
v.
THE STATE.

———

ISRAEL v. THE STATE.

Indictment for a felony. Acquittal. Motion to tax the fees of defendant's witnesses against the State. Overruled. It was contended, *arguendo*, that the statute of 1855 requires the costs to be so taxed. *Held*, that it should not be so construed.

It was further insisted that the costs should be so taxed under the provision of the constitution declaring that "no man's particular services shall be demanded without just compensation." *Held*, that the services of witnesses, in criminal cases, are not "particular services," within the meaning of the constitution; but are of the class of general services which every man is bound to render for his own and the general good.

APPEAL from the *Jasper* Circuit Court.

PERKINS, J.—Indictment for a felony, trial, and acquittal. Motion to tax the fees of the defendant's witnesses against the State. Motion overruled. The only question made in the cause is upon the denial of said motion. It is contended that the statute of 1855 requires such taxation of costs; but we do not think it should be so construed (1).

It is further contended that the Court should have

*Friday,*
*January* 16,
1857.

Nov. Term, 1856.

ISRAEL
v.
THE STATE.

taxed the costs under that provision of the constitution which declares that, "no man's particular services shall be demanded without just compensation." But we do not think so. The old constitution contained a like provision, but we believe it never was understood to extend to witnesses in criminal trials, and the provision in the new constitution should not be so understood. We do not propose to go into a discussion, with a view to a definition of "particular services;" but we are prepared to say, that the services of witnesses in criminal cases are not particular, but are of the class of general services which every man in community is bound to render for the general, as well as his own individual good. It is as much the duty and interest of every citizen to aid in prosecuting crime, as it is to aid in subduing any domestic or foreign enemy; and it is equally the interest and duty of every citizen to aid in furnishing to all, high and low, rich and poor, every facility for a fair and impartial trial when accused; for none is exempt from liability to accusation and trial. These are matters of general interest and public concern,—are vital, indeed, to the very existence of free government, and render the services of witnesses on such occasions matters of general public interest, and not particular, in the sense of the constitution (2).

*Per Curiam.*—The judgment is affirmed with the costs of this motion.

*R. H. Milroy, D. M'Donald,* and *A. G. Porter,* for the appellant (3).

(1) Laws of 1855, p. 112, s. 17, and p. 114, s. 26.
(2) Const. Ind. art. 1, s. 21.
(3) *Blythe* v. *The State,* 4 Ind. R. 525; *Webb* v. *Baird,* 6 Ind. R. 13; 2 R. S. p. 383, s. 169; 2 R. S. p. 372, s. 87, were cited by counsel.