## THE STATE, EX REL. MORRIS, *v.* WALLACE.

CLERK.—*Criminal Prosecution.—Appeal.—Transcript.—Costs.*—The clerk of the court, in a criminal prosecution, on conviction of the defendant, is required by law, when the defendant appeals to the Supreme Court, to make out and deliver to him a transcript of the papers, proceedings, and judgment, without the previous payment of his fees therefor.

SAME.—*Constitutional Law.*—The clerk takes his office with its burdens, and the constitutional provision touching services without compensation does not apply to him.

SAME.—*Civil Code.—Sections* 15 *and* 16.—*Poor Persons.*—Sections fifteen and sixteen of the civil code, referring to the prosecution and defence of actions by poor persons, have no application to the defence of criminal prosecutions.

SAME.—*Section* 558.—Section five hundred and fifty-eight of the civil code, 2 G. & H. 273, has no reference to criminal cases.

SAME.—*Criminal Code.—Appeal.*—Appeals in criminal actions are taken in the manner, and in the cases, prescribed in article fourteen of the criminal code, 2 G. & H. 425, section 149, and are not governed by the civil code.

DOWNEY, J.—This is an application for a mandate against the defendant, as clerk of the Marion Criminal Court, made originally in this court. It is stated in the affidavit on which the application is based, that the relator was indicted, tried, and convicted of a misdemeanor in the said criminal court, a motion for a new trial and in arrest of judgment having been made and overruled; that he then appealed to this court, and demanded of the defendant, as such clerk, to make out and deliver to him a transcript of the papers, proceedings, and judgment in the cause, to enable him to perfect his appeal, with which demand the defendant refused to comply.

The defendant, having been notified beforehand of the application, appeared to the motion, and filed a return or answer, in which he states, in substance, that he caused the transcript to be made out, as soon as the business of his office would allow, and offered to deliver it to the relator on payment of the legal fee therefor, which the relator refused to pay; that the relator did not defend said prosecution as a poor person, nor claim the record as such; that he believed and still believes, he had the right to require pay for said

record, before he was bound to deliver the same; that he had no thought of acting oppressively or of hindering or obstructing the due administration of public justice, in refusing the transcript, and submits that he has the right to such fees before delivering the same. He further states that, if this court shall be of the opinion that he should deliver the said transcript without his fees therefor having been paid, he is ready and willing to do so.

To this answer or return the relator has filed a demurrer, alleging that the same does not state facts sufficient to constitute a defence to the action.

The question is this: Is the clerk, in a criminal prosecution, on conviction of the defendant, required by law, when the defendant appeals to this court, to make out and deliver to him a transcript of the papers, proceedings, and judgment without the previous payment of his fees therefor?

Counsel for the relator refer us to section twelve of article one of the constitution of the State, which provides, that all courts shall be open; and every man, for injury done to him in his person, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay. And also to section thirteen of the same article, which provides, that, in criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offence shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor. These sections, although they have a general bearing upon the question, do not specifically meet the point involved.

The administration of criminal law in this State proceeds upon the rule that, if the defendant is innocent, he should not be subjected to any penalty or to the payment of any costs.

It is accordingly provided by section 169 of the criminal

The State, *ex rel.* Morris, *v.* Wallace.

code, 2 G. & H. 428, that, when the defendant is acquitted in a criminal action, he is not liable for any costs, except when otherwise provided in this act. It is also provided, in the act of March 8th, 1873, relating to the fees of officers, as it was in preceding acts on the subject, section 38, as follows: " In all criminal cases where the person accused shall be acquitted, no costs shall be taxed against such person, nor against the State or county for any services rendered in such prosecution by any prosecuting or district attorney, clerk, sheriff, coroner, justice of the peace, constable or witness; but in all cases of conviction, such fees and costs shall be taxed and collected, as in other cases, from the person convicted."

It may be thought that when the defendant, the relator, was convicted in the criminal court, he then became liable to pay costs thenceforward. But at that stage of the case another section of the criminal code comes to his relief. It is provided, by section 148, 2 G. & H. 425, that, an appeal to the Supreme Court may be taken by the defendant, as a matter of right, from any judgment against him, and upon the appeal, any decision of the court, or intermediate order made in the progress of the cause, may be reviewed.

It is not questioned but that the officers of the court are bound to perform their duties for the defendant, and that witnesses for him are bound to attend upon his summons, without pay therefor, up to the time of his conviction. We can see no reason why his right to a transcript of the record, upon an appeal to this court, without such payment, is not a right of equal importance and equally well secured to him. The sections to which we have referred, relating to the liability of the defendant in a criminal case to pay costs, on conviction, should be construed to relate to the final termination of the case against him. The State pays no costs, whether the defendant be convicted or acquitted. If the defendant be compelled to pay costs for a transcript, or for any other service rendered by any officer or any witness, and

the judgment of conviction should be reversed in this court, and the defendant ultimately acquitted, he can never recover the amount back or be reimbursed in any way known to the law. We do not think that this was contemplated by the constitution or by the statute. It is true that upon a conviction, it is a part of the judgment that the defendant stand committed till the fine and costs which have accrued are paid or replevied, and that execution may issue on the judgment against his property for the collection of such costs; 2 G. & H. 421, secs. 128 and 129; and this may be done during the pendency of the appeal, unless the judgment be replevied or its execution stayed by order of this court. 2 G. & H. 422, sec. 131, and p. 426, sec. 154. If the defendant be ultimately acquitted, he ought to pay no costs. If he be found guilty ultimately, he must pay all costs. Although the officer or the witness does not get his fees at the time when the services are rendered, he is entitled to them at the end of the case, and will receive them if their payment can be coerced from the defendant by his imprisonment, or made on execution against his property.

The constitution, it is true, provides, that no man's particular services shall be demanded without just compensation, etc. Sec. 21, art. 1. Persons, however, who are elected to, and take upon themselves the duties of, a public office, such as that of clerk of a court, are understood to take the office with its burdens, *cum onere.* It was said by this court, in *The Board of Commissioners of Miami Co.* v. *Blake,* 21 Ind. 32: "At common law, then, the officers depend upon the parties for their fees, except the State, which they nominally serve gratuitously, but, in reality, get their pay, because the State fixes the rate of fees they charge private parties so high as to compensate them, in their aggregate receipts, for their services in the state cases, where there are acquittals; and this is what is meant when it is said that officers take their offices *cum onere,* and the constitutional provision touching services without compensation does not apply to

The State, *ex rel.* Morris, *v.* Wallace.

such. *Falkenburgh* v. *Jones*, 5 Ind. 296; *Israel* v. *The State,* 8 Ind. 467. See Ind. Dig. Tit. Costs."

Not withstanding what is said in *Falkenburgh* v. *Jones, supra,* we do not think that sections 15 and 16 of the civil code, with reference to the prosecution and defence of actions by poor persons have any application to the defence of criminal prosecutions. If they do, then the clerk in this case was not bound to furnish the transcript without his pay in advance, for the reason that there was no compliance by the defendant with those sections. If these sections govern, then no officer or witness would be bound to render any services in a criminal case for the defendant without pay, unless the defendant had complied with the sections by satisfying the court that he was a poor person, not having sufficient means to defend an action, and was admitted by the court to defend as a poor person. We do not think that this has ever been understood by the profession in the State, or acted upon by the courts, as the law applicable in criminal cases. If they are applicable to criminal cases, why was it necessary to enact that the defendant in criminal causes should not be liable for costs when he was acquitted? If he could only escape the payment of costs by getting an order admitting him to defend as a poor person, and that order exempted him, then there was no occasion for the sections to which we have referred exempting him in criminal cases when acquitted; for if he defended as a pauper, he was not, according to those sections, liable, and could not be made liable in any event, whether acquitted or convicted. "It is as much the duty and interest of every citizen to aid in prosecuting crime, as it is to aid in subduing any domestic or foreign enemy; and it is equally the interest and duty of every citizen to aid in furnishing to all, high and low, rich and poor, every facility for a fair and impartial trial when accused; for none is exempt from liability to accusation and trial." *Israel* v. *The State, supra.* See, on the subject of costs in criminal cases, *The Board of Commissioners of Brown Co.* v. *Summerfield,* 36 Ind. 543.

Counsel for the defendant refer us to section 558 of the civil code, 2 G. & H. 273, which provides, that upon request of the appellant, or upon being served with notice, and in either case upon the payment of the proper fee, the clerk shall forthwith make out and deliver the transcript, etc. We are clearly of the opinion that this section has no reference to criminal cases. Appeals in criminal actions are taken in the manner and in the cases prescribed in article 14 of the criminal code, 2 G. &. H. 425, sec. 149, and are not governed by the civil code.

The demurrer to the return or answer is sustained; and, as the defendant has expressed the desire that the case may be finally disposed of on the demurrer, it is ordered by the court, that he furnish the transcript in said cause to the relator, without the previous payment of his fees therefor, and that he pay the costs of this proceeding.

*J. S. Harvey, F. J. Mattler,* and *Prinkel & Reiman,* for plaintiff.

*J. Hanna* and *F. Knefler,* for defendant.