Sturm *v.* The State.

---

No. 9410.

## STURM *v.* THE STATE.

CRIMINAL LAW.—*Felony.—Practice.—Affidavit and Information.*—The act in relation to prosecutions of felonies by affidavit and information in certain cases, approved March 29th, 1879, Acts 1879, p. 143, is constitutional.

SAME.— *Sufficiency of Affidavit.*—The averment, "and affiant further says that there is no grand jury in session at this term of said Warren Circuit Court, and that the defendant is now in the jail of said county on said charge," is sufficient under the first clause of section 1 of said act.

SAME.—*Information.—"Affiant" instead of "Prosecuting Attorney."—Jurisdiction.*—An objection that the word "affiant" was used, instead of the words "Prosecuting Attorney," in an information, can not be raised for the first time on an assignment of error questioning the jurisdiction of the court.

SAME.—*Practice.—New Trial.*—In criminal cases, the application for a new trial must be made before judgment.

Sturm v. The State.

SAME.—*Prayer of Information.*—The prayer of an information, "that a warrant be issued for the said defendant in this behalf, that he may answer in the premises," can not be allowed to control or modify the direct charge or charges contained in the body thereof.

SAME.—*Refusal of Continuance.*— *New Trial.*—*Assignment of Error.*—*Supreme Court* —The improper refusal of a continuance is not one of the causes for which a new trial of a criminal case can be granted, but it must be the subject of an independent assignment of error in the Supreme Court.

SAME.—*Practice.*—*Supreme Court.*—The settled practice of requiring a specific assignment of all errors relied upon in the Supreme Court in criminal cases, the same as in civil, will not now be departed from.

From the Warren Circuit Court.

*C. M. McCabe* and *C. V. McAdams*, for appellant.

*D. P. Baldwin*, Attorney General, and *R. B. Jones*, Prosecuting Attorney, for the State.

WORDEN, J.—The appellant was prosecuted in the court below, by affidavit and information, for the larceny of a horse. He pleaded not guilty, and on trial was convicted and sentenced to two and a half years imprisonment in the state-prison.

It is assigned for error that the court had no jurisdiction of the cause, and that the court erred in overruling the appellant's motion for a new trial.

The counsel for the appellant contend that the act in relation to prosecutions of felonies by affidavit and information in certain cases, Acts 1879, p. 143, is unconstitutional. In the case of *Heanley* v. *The State*, *ante*, p. 99, we held the act to be constitutional, and we deem it unnecessary to enter upon any further consideration of the question.

The affidavit in this case, after having charged the larceny, proceeds as follows: "And affiant further says that there is no grand jury in session at this term of said Warren Circuit Court, and that the defendant is now in the jail of said county on said charge."

This, it seems to us, was sufficient to show that the de-

fendant was in custody on a charge of the offence stated in the affidavit, and that no grand jury was then in session.

The information follows the affidavit in the statement of the offence, and professes to be in the name of the prosecuting attorney, except that in the part in relation to the absence of a grand jury, etc., it says, "and *affiant* further says that there is no grand jury in session," etc.

The information ought to be in the name of the prosecuting attorney, and if a motion to quash had been made, on the ground that the word "affiant" was used in that part of the information, instead of the words "prosecuting attorney," it would seem that the motion should have been sustained, unless an amendment had been made. But we think that, by going to trial without objection, the appellant treated the allegation as having been made by the prosecuting attorney, as was probably intended, and that the objection can not be here raised for the first time, on an assignment of error questioning the jurisdiction of the court.

In the order of proceedings the motion for a new trial appears to have been made after the rendition of judgment. In criminal cases the application for a new trial must be made before judgment. 2 R. S. 1876, p. 409, sec. 143; *Romaine* v. *The State*, 7 Ind. 63.

We find no error in the record.

The judgment below is affirmed, with costs.

### ON PETITION FOR A REHEARING.

WORDEN, J.—In this case the appellant has filed a petition for a rehearing, "for the following reasons, to wit:

"1st. That the court erred in holding the information sufficient; and,

"2d. The court erred in disregarding the question as to the refusal of a continuance."

It was shown in the original opinion, that the information,

after having charged the larceny, stated as follows : "That there is no grand jury in session at this term of said Warren Circuit Court, and that the defendant is now in the jail of said county on said charge."

The petition now calls our attention to the closing paragraph or prayer of the information, which is in the following words : "Therefore, the said prosecutor prays the consideration of the court here in the premises, and that a warrant be issued for the said defendant in this behalf, that he may answer in the premises."

It is urged by counsel for the appellant, "that if the fair inference from the language of the information is that the defendant is in custody, certainly such inference is overcome by that of the concluding sentence of the information. What need of a warrant for a defendant already in custody? The sentence means nothing unless it is that the defendant must be arrested before he can be brought to answer the charge, and thereby the inference of his custody, if such there is, is wholly destroyed ; the information broken down."

We do not think that the prayer of the information can be allowed to control or modify the direct charge or charges contained in the body of it. The prayer did not charge the defendant with any offence, nor state any facts that authorized a trial without indictment. It contained no matter to which the defendant could plead. It was mere form, and, so far as we can see, a useless form. As counsel suggest, it probably meant nothing. It certainly can not be held to have negatived what was directly charged in the body of the information.

We pass to the second point. We have seen that there was no motion for a new trial until after judgment, when the motion came too late.

It may well be doubted whether, in a criminal case, the improper refusal of a continuance can be regarded as one of the causes for which a new trial may be granted. See causes

for which such new trial may be granted, 2 R. S. 1876, p. 409, sec. 142. If not, it would seem that such refusal ought to be the subject of an independent assignment of error; otherwise the defendant would have no remedy. But, in the present case, there is no assignment of error upon the overruling of the appellant's motion for a continuance. There is no general assignment of error in the record; but there are specific assignments, raising questions as to the sufficiency of the affidavit and information, the jurisdiction of the court over the subject, and the overruling of the motion for a new trial. The question, therefore, as to the supposed error in refusing a continuance, is not before us, unless it is before us without any assignment of error embracing it.

And it is claimed by the counsel that no assignment is necessary. We quote the following passage from the petition, as containing the views of counsel upon the point. They say: "It is true the refusal of a continuance has not been specifically assigned in the assignment of errors. But what statute, what law, rule or regulation, is there, requiring an assignment of errors in criminal cases appealed? The statute provides that upon appeal by a defendant, in a criminal cause, 'any decision of the court or intermediate order made in the progress of the case, may be reviewed.' The refusal of a continuance is an intermediate order, and may be reviewed. When it is specifically assigned as error? No; for such is only the requirement of the civil code, and the civil code does not govern appeals in criminal cases. *The State, ex rel.*, v. *Wallace*, 41 Ind. 445. When such a question appears on the face of the record, and is urged upon the consideration of the court in appellant's argument, then certainly, if ever, such an intermediate order may be reviewed."

If, under a general assignment of error, as that judgment was rendered for the State, when it should have been rendered for the defendant; or if, without any assignment of error at all, this court may consider any question involved

in the record in a criminal case that may be urged by counsel, the law has not made the progress in the last twenty-eight or thirty years that has been supposed.

The codes of procedure of 1852, both civil and criminal, were intended to remedy some of the evils attendant upon the old system. The civil code provides for a specific assignment of all errors relied upon in this court; and, though the same provision is not found in the criminal code, it has been the settled practice since its adoption to require a specific assignment of errors in criminal cases, the same as in civil. See Moore's Criminal Law, p. 569, sec. 476; Bicknell's Criminal Practice, p. 250. This practice, so long and so thoroughly established, will not now be departed from.

The petition is overruled.