THE STATE OF IOWA V. DISTRICT COURT OF BUCHANAN COUNTY.

Bail Pending Review in Contempt Proceedings: JURISDIC-
TION.    The district court is without jurisdiction to admit to bail, pending a review of proceedings in the supreme court, one who has been adjudged guilty of contempt of court for the violation of an injunction.

*Certiorari to Buchanan District Court.*—HON. D. J. LENEHAN, Judge.

FRIDAY, DECEMBER 18, 1891.

THIS is a *certiorari* proceeding to test the validity of an order admitting to bail a person adjudged to be guilty of a contempt of court.

*H. W. Holman,* County Attorney, for plaintiff.

No appearance for defendant.

ROBINSON, J.—In January, 1890, an action in equity was commenced in the district court of Buchanan county against one M. A. Dougherty, for the purpose of having him enjoined from keeping for sale, and from selling, intoxicating liquors, in violation of law, and from maintaining a place for that purpose. In April of that year the district court rendered a final decree, in which the relief sought was granted. On the thirtieth day of the next August an affidavit was filed charging Dougherty with having violated the injunction. A hearing was had on the issues presented by the affidavit, and the answer thereto filed by Dougherty, which resulted in a finding that Dougherty had been guilty of a violation of the injunction. He was adjudged to pay a fine of seven hundred dollars, and to be imprisoned in the county jail, as provided by law, until such fine should be paid. The order also included the following: "Defendant to be admitted to bail in the sum of one thousand dollars pending review of these proceedings." A bail bond in the sum named was given by Dougherty and filed with the papers in the case.

The only question presented for our determination is the correctness of that part of the order which admitted Dougherty to bail. The finding that

Dougherty had violated the terms of the injunction was, in effect, an adjudication that he was guilty of a contempt of court, and the punishment inflicted was designed to punish that offense. Section 12, chapter 143, Acts, Twentieth General Assembly; section 4, chapter 73, Acts, Twenty-Second General Assembly. Section 3499 of the Code is as follows: "No appeal lies from an order to punish for a contempt, but the proceedings may, in proper cases, be taken to a higher court for revision by *certiorari.*" The writ of *certiorari* to the district court or to a judge thereof can only be granted by the supreme court, or by one of its judges. Code, sec. 3217. When a stay of proceedings is sought "the writ can only be issued by a court or judge, who may require a bond and fix the penalty and conditions thereof." Code, sec. 3218. It appears from these provisions that the only means of reviewing the order of the district court punishing Dougherty for contempt was by *certiorari* proceedings; that the writ of *certiorari* could only be granted by this court, or in vacation by one of its judges. Section 3218 does not state, in express terms, that when a stay of proceedings is sought, and a bond is required, no court or judge but the one granting the writ shall authorize the giving of the bond; but that construction is necessarily implied in the language used, and no other is permissible. In this case the district court acted without jurisdiction in admitting the person found guilty of contempt to bail, and the portion of the order which sought to accomplish that end is ANNULLED.