Filed April 27, 1892.

---

No. 589.

## THE STATE v. ROSS.

ASSIGNMENT OF ERROR.— *When Must be Filed.—Amendment, When Allowed.*—Where an assignment of error is not based upon a question reserved in the court below, leave to amend the assignment will not be granted, unless due diligence was used in the first instance to make the assignment complete, and in criminal actions, as well as civil, assignments of error must be filed within a year from the date of the

The State v. Ross.

judgment below, and an amendment which would amount in effect to a new assignment can not be made beyond such time.

From the Huntington Circuit Court.

*W. A. Branyan*, Prosecuting Attorney, for the State.
*C. W. Watkins* and *Z. T. Dungan*, for appellee.

REINHARD, J.—This was a criminal prosecution commenced before a justice of the peace on.a charge of allowing minors to congregate in a saloon where a pool table was kept by the appellee. Section 2088, R. S. 1881. In the justice's court there was a trial, by agreement of the defendant and the attorney representing the State, by a jury of six men. Upon the verdict of guilty returned by this jury the justice rendered judgment, and the defendant appealed to the circuit court. Here the defendant moved " to set aside and declare null and void the judgment heretofore rendered in this cause by * * * the justice of the peace before whom this case was tried," for the reason that the alleged judgment was based upon a verdict rendered by only six jurors. The court sustained the motion, and the State excepted. Thereupon the court adjudged that the pretended judgment of the justice of the peace was null and void, and entered an order discharging the defendant.

The State at once filed a bill of exceptions, and took an appeal. The only error assigned here is as follows: "The circuit court erred in sustaining appellee's motion to dismiss his appeal from the justice of the peace of Lancaster township to the Huntington Circuit Court."

No question, such as is presented by the assignment of errors, was reserved in the court below. No such ruling as is alleged by the assignment was made in the circuit court. The court declared the judgment of the justice void, and discharged the defendant. This was the only ruling made by the court, and upon it no error whatever has been assigned.

The rule as to assignments of errors is the same in criminal as in civil causes.   *Sturm* v. *State*, 74 Ind. 278.

Counsel for the State have interposed a motion for leave to amend the assignment of errors so as to present the question reserved.   No effectual amendment, however, could be made short of a new assignment.   The transcript was filed in the office of the clerk of this court more than a year ago, and ample time has elapsed, we think, to make all proper assignments so as to present the questions raised in the lower court.   In civil causes, if the assignment is not filed within a year from the date of the final judgment below, the appeal will be dismissed.   *Lawrence* v. *Wood*, 122 Ind. 452.   We need not decide whether a similar practice should obtain in criminal cases.   Rule 3, of this court, provides that leave to amend an assignment of errors shall not be granted in any case " unless it appear that due care and diligence were exercised in the first instance to make the assignment complete."

We feel certain that the learned counsel for the State will not claim that they have used such care and diligence as is required by the rule quoted, for a mere glance at the record, as to the ruling of the circuit court, would have enabled them to ascertain the nature of the assignment of errors necessary to present the question ruled upon by the court below.   We can not, therefore, grant the leave to amend asked for.

Judgment affirmed.

Filed April 27, 1892.