No. 1,121.

EVERLY ET AL. *v.* THE STATE, EX REL.

APPEAL BOND.—*Power of Circuit Court to Take in Criminal Action.—Consideration.*—An appeal bond taken by a circuit court, in an appeal by a defendant in a criminal action, is valid, being authorized upon the principle that the court granting the appeal has the inherent power to prescribe the conditions of such appeal, provided they are not in violation of any statute; and, also, by section 1900, R. S. 1881, invoking the aid of the civil code in similar cases. Such bond is also valid at common law. The stay of execution constituted sufficient consideration for such bond.

SAME.—*Forfeiture.*—A forfeiture is not a prerequisite to a suit on such bond, the only precedent condition being the failure to perfect the appeal.

SAME.—*Parties Plaintiff.*—An action on such bond may be brought in the name of the State on relation of those interested in the proceeds of the bond in the way of costs.

APPELLATE COURT PRACTICE.—*Reference to Page and Line of Record.*—The court will not consider an error assigned if their attention is not directed to that portion of the record where such error was committed.

From the Sullivan Circuit Court.

*W. S. Maple,* for appellants.

*A. G. Smith,* Attorney-General, *W. L. Slinkard* and *C. D. Hunt,* for State.

REINHARD, J.—This is a suit on an appeal bond. The appellant, Fred Jones, was tried and convicted on a charge of unlawfully selling intoxicating liquor. From the judgment of the Sullivan Circuit Court, he prayed

and obtained leave to appeal to the Supreme Court. To prosecute such appeal, and secure a stay of proceedings upon the judgment assessing a fine against him, while the same was pending, he executed, to the approval of the circuit court, a bond, payable to the State of Indiana, in the penal sum of $200, with the appellant, Everly, as surety, conditioned that he would prosecute his appeal to the Supreme Conrt, and, if he should not so appeal said cause, said bond to be of full force and effect. This bond was duly approved by the judge of the circuit court, April 8th, 1890, but Jones abandoned the appeal, and on the 3d day of January, 1893, this action was instituted by the prosecuting attorney upon said bond, in the name of the State of Indiana, on the relation of Sullivan county, and others having an interest in the fine and costs that had been assessed against Jones.

The only alleged error discussed by appellants' counsel, is upon the ruling of the trial court in overruling the demurrer to the complaint.

It is insisted, on behalf of appellants, that the circuit court had no power to take such a bond; that the only tribunal that could lawfully stay the proceedings by taking an appeal bond, was the Supreme Court, under section 1888, R. S. 1881.

That section unquestionably authorizes the Supreme Court, or a judge thereof, to stay such proceedings on appeal. But does it follow that, therefore, the circuit court had no power to order a stay upon the filing of an appeal bond? It has been the accepted practice in the circuit courts of this State to take such appeal bonds ever since the State has had a judicial history. The practice has, therefore, become authoritative. But the taking of such bonds is further authorized upon the principle that a court which has the power to grant an appeal from its judgment, has the inherent power to prescribe the con-

ditions of such appeal, provided they are not in violation of any statute. Moreover, as there is no express provision in the criminal code authorizing this course to be taken, the civil code in similar cases may be invoked to supply the omission. R. S. 1881, section 1900; *Sturm* v. *State*, 74 Ind. 278.

For these reasons, we think the bond was valid. Elliott's App. Proced., section 297, and note 1; Moore's Crim. Law, section 467; Gillett's Crim. Law, section 1008.

Such a bond would be valid as a common law bond. *Potter* v. *State, ex rel.*, 23 Ind. 550; *City of Indianapolis* v. *Skeen*, 17 Ind. 628; *Barnes* v. *Brookman*, 107 Ill. 317 (322).

Had the appellant, Jones, not executed the bond, we must presume that he would have been compelled to suffer a portion, if not all, the penalty imposed, either by remaining in prison till a stay could otherwise be obtained, or by paying the fine and costs. This stay of execution constituted a sufficient consideration for the bond.

It is further insisted that no suit could be maintained upon the bond, for the reason that no forfeiture is shown to have been taken upon the same. But no forfeiture is necessary in the case of an appeal bond. When the defendant gives bail for his appearance, the statute makes it necessary that there be a forfeiture, upon failure to appear, before suit is instituted on the bond. R. S. 1881, sections 1721, 1722.

In a bail bond, the condition is the defendant's appearance in court when required to do so. The ordinary conditions of the appeal bond are that the defendant or principal obligor will prosecute his appeal to effect, and pay the judgment that may be rendered against him

on appeal.    If he fails in either of these conditions, the bond is subject to an action for the penalty therein provided.

In the present case, the condition violated is, in effect, the prosecution of the appeal to effect within the year allowed for such appeals.    R. S. 1881, section 1885.

Upon the facts averred in the complaint, therefore, the appellants are liable on the bond.

The further point is made by appellants' counsel that the proceeds of the bond belong to the school fund, and suit can be maintained, if at all, only for the use of such funds, and that it can not be prosecuted in the name of the State on the relation of those interested in the proceeds of the bond in the way of costs.    This position is untenable.    The school fund is entitled to the fine, and possibly to the penalty of the bond covering such fine, but as to this we need not decide.    The appeal bond covers the judgment rendered, and this includes costs. The relators were entitled to recover at least to the extent of the costs belonging to them, and as the complaint discloses some right of recovery in each relator, we are unable to say that the complaint was wholly insufficient.

Some complaint is made by the appellant that the court awarded excessive fees to one of the witnesses, but as counsel have failed to direct our attention to any portion of the record where such error was committed, we can not undertake to look into the question.

There is on file what purports to be a brief of appellants' counsel, but the same is not signed by anybody, and it is doubtful whether it can really be regarded as a brief under the rules.    But we have, nevertheless, treated it as such, and have fully considered its contents.

We find no error.

Judgment affirmed.

Filed May 16, 1894.