### FLINN *v.* PRAIRIE COUNTY.

Opinion delivered January 26, 1895.

*Expert witness—Right to extra compensation.*

> An expert who testifies on behalf of the State in a criminal case cannot demand compensation in addition to the usual fees allowed witnesses; but he cannot, without extra compensation, be required to make any examination or preliminary preparation, nor be compelled to attend and listen to the testimony that he may be better enabled to testify as an expert.

Appeal from Prairie Circuit Court, Northern District.

GRANT GREEN, JR., Judge.

*Jno. D. Shackelford* for appellant.

The county court has original jurisdiction of all demands against the county, and the claim was properly presented to it for allowance, even though for expenses or charges for services in the circuit court. 47 Ark. 80; Const. 1874, art. 7, sec. 28; Mansf. Dig. sec. 1407. Contingent expenses of the circuit court form no exception to the rule. Mansf. Dig. sec. 1488; 47 Ark. 85; 22 *id.* 595; 34 *id.* 684. It is true all *officer's* fees are regulated by statute, and they can only demand a fee when authorized by law. 32 Ark. 45. But experts are not officers, and while fees for experts are nowhere provided for by statute, yet they are entitled to compensation

for services.   A man's knowledge and skill is property,
and should not be taken without compensation.   55 Ark.
419 is similar to this case.   See also 12 Cent. Law J.
193 ; 1 Carr. & Kirw. 23 ; Sprague, Dec. 276 ; 13 Abb.
Pr. (U. S.) 207 ; 1 Taylor's Med. Jur. p. 19 ; 59 Ind. 1.
These cases support the contention of appellant.   In 4
Ind. 525, and 6 *id.* 13, attorneys appointed by the court
were permitted to recover a reasonable fee of the county.
This court laid down a different rule in 31 Ark. 266,
but attorneys are *officers* of court, and subject to its
orders.   31 Ark. 266 ; 40 *id.* 131.

The appellee *pro se.*

1.   There is no statute allowing experts fees.

2.   In the absence of such a statute, an expert is
not entitled to extra compensation,   Rogers, Expert
Testimony, sec. 187, p. 253 ; 53 Ala. 389 ; 5 Texas, Ct.
App. 374 ; 87 N. Y. 184 ; 4 La. An. 563 ; 50 Am. Dec.
579.

3.   An expert will not be allowed to refuse to
answer on the ground that he has not been paid an ex-
pert's fee.   112 Ill. 540 ; 36 Minn. 535 ; 30 *id.* 410 ; 25 *id.*
275.

4.   He can be compelled to testify without being
paid an expert fee.   55 Ark. 421.   See also Ind. Rev. St.
(1881) p. 94, sec. 504, which declares the common law
rule.

RIDDICK, J.   The appellant, B. W. Flinn, who is a
physician, was summoned to testify on the part of the
State, as an expert, in a criminal case pending in the
Prairie circuit court.   He obeyed the summons, but, on
being called as a witness, he asked the court to allow him
his fees as an expert before compelling him to testify.
The court refused to make such allowance, and required
him to testify.   Flinn afterwards presented to the county
court of said county a claim against the county for the

sum of $150 for his attendance and testimony in said case. The court rejected his claim, and, on appeal to the circuit court, the judgment of the county court was affirmed. An appeal was taken to this court.

The only question for us to determine is whether an expert who testifies as such on behalf of the State in a criminal case may demand compensation in addition to the usual fees allowed witnesses in such cases. We have no statute authorizing the payment of extra compensation to experts. Our statute makes no distinction between different classes of witnesses. In the absence of a statute regulating it, the question is one of some doubt, for the decisions of the courts of the different States upon it are very conflicting. "In this country," says Prof. Rogers, in his work on Expert Testimony, "the cases are nearly balanced, and the question must be regarded as still an open one, although the weight of authority rather inclines to the theory that the expert may be required to answer without additional compensation." Rogers on Expert Testimony (2 Ed.), 425.

In a recent case decided by the Colorado Court of Appeals, the rule was stated as follows: "The professional witness, in the discharge of his duty as a good citizen, is like any other person, whether he be laborer, merchant, broker, manufacturer, or banker, compellable to attend in obedience to process, and to testify as to what he may know, whether it be observed fact, or accumulated knowledge, acquired by study and experience." *Co. Commissioners* v. *Lee*, 3 Col. App. 177. This view is supported by the following cases: Ex parte *Dement*, 53 Ala. 389; *Summers* v. *State*, 5 Tex. App. 374; *State* v. *Teipner*, 36 Minn. 532; *Allegheny Co.* v. *Watt*, 3 Pa. St. 462; *Northampton Co.* v. *Innes*, 26 Pa. St. 156; *Israel* v. *State*, 8 Ind. 467.

The question has never been directly determined by this court, but there are *dicta* in some of the cases which

seem to support the theory that the expert cannot law-
fully demand of the county extra compensation. In one
case it was held that an attorney may be compelled
without compensation to defend persons charged with
crime who are unable to employ counsel. *Arkansas Co.*
v. *Freeman*, 31 Ark. 266. In another case the court, in
discussing the power of a coroner while holding an in-
quest, said: "He may summon a physician to testify,
and compel him to swear to his opinion on a superficial
view of the body." *St. Francis Co.* v. *Cummings*, 55
Ark. 421. All persons who, by study or practice in an
occupation or profession, have become skilled therein,
and possessed of knowledge peculiar to the same, are, in
law, called experts. There is not an art, trade, profes-
sion, or vocation that does not have them. It is evident,
therefore, that if all such witnesses are entitled to extra
compensation when they testify as experts, the costs of
criminal trials, in cases where such testimony is needed,
will be much increased. In the case at bar the witness
attended six days, and claims $150. If the legislature
had intended that such a large class of witnesses should
receive additional compensation, it seems reasonable to
believe that some provision would have been made for it
in the statute. After considering the matter, we have
concluded that, under our statute, a physician who testi-
fies as an expert in a criminal case is not entitled to
extra compensation from the county. It is the duty of
every citizen to assist, within reasonable limits, in
enforcing the criminal law of the State; and it is not un-
reasonable that he should be required, on behalf of the
State, to give such information as he may possess to-
ward the elucidation of any question arising in a
criminal trial, whether that information be in the nature
of expert evidence or not. He cannot be required to
make any examination or preliminary preparation, nor
can he be compelled to attend the trial, and listen to the

testimony, that he may be better enabled to give his opinion as an expert. For any service of this kind he may demand extra compensation. But such information as he already possesses, that is pertinent to the issue, he can be made to give, whether such information is peculiar to his trade or profession, or not. There is very little probability of any great hardship being imposed on physicians by reason of this rule. The subpœnas for witnesses are under the control of the court, and, as there are physicians in almost every town or village in the State, it cannot often be necessary for a court to compel one to attend beyond the limits of the county in which he practices, for the purposes of testifying as an expert, unless he is also a witness to other facts material to the case.

The appellant did not ask the court to excuse him on the ground that it was any special hardship for him to attend and testify in said cause. He only claimed extra compensation for the reason that he testified as an expert. In giving the State the benefit of such information as he possessed, he performed a service which every citizen may be required to render for the public good. As physicians are required to testify probably more often than any other class of experts, it might be proper for the legislature to empower the courts to grant them extra compensation, but, in the absence of a statute to that effect, the courts can make no distinction between them and other witnesses.

Finding no error, the judgment of the circuit court is affirmed.