## A. S. Main v. Sherman County et al.

FILED JUNE 8, 1905.   No. 13,836.

Expert Witness: Compensation. One testifying as an expert on a subject requiring special knowledge and skill, in the absence of a special contract, is entitled only to the statutory fee.

Error to the district court for Sherman county: Bruno O. Hostetler, Judge. *Affirmed.*

*H. M. Mathew,* for plaintiff in error.

*Joseph Pedler, contra.*

Albert, C.

In this action the plaintiff, who is a duly licensed physician, was called by the prosecution and testified as an expert witness in a prosecution for homicide in the district court for the defendant county. He was paid the statutory witness fees, but afterwards filed a bill with the county board for additional compensation, claiming that he was entitled to such additional compensation because his testimony was not that of an ordinary witness, but such as required special knowledge and skill. His claim was rejected, and, on an appeal to the district court, a general demurrer to his petition was sustained, and judgment given accordingly.

In our opinion, the demurrer was properly sustained, and our opinion is based on no technical objection to the petition, but on the general proposition that one testifying as an expert on a subject requiring special knowledge and skill, in the absence of a special contract, is entitled only to the statutory fee. We are fully aware that the authorities are divided upon this proposition. Mr. Rogers in his work on Expert Testimony (2d ed.), sec. 188, says:

"There can be no doubt that professional men are not entitled, in this country, to claim any additional compen-

sation when testifying as ordinary witnesses to facts which happen to fall under their observation. But another question arises, when they are summoned to testify as to facts of science with which they have become familiar by means of special study and investigation, or to express opinions based upon the skill acquired from such researches, as to conclusions which ought to be drawn from certain given facts. Whether they can be compelled to testify in such cases, when no other compensation has been tendered than the usual fees of witnesses testifying to ordinary facts, is a point upon which the cases are not in harmony. In this country the cases are nearly balanced, and the question must be regarded as still an open one, although the weight of authority rather inclines to the theory that the expert may be required to answer without additional compensation."

We think it is hardly accurate to say that the authorities are nearly balanced. On careful examination of the authorities it will be found, we think, that, after the elimination of the cases resting on peculiar constitutional or statutory provisions, and on local customs, the decided weight of authority supports the conclusion reached by us. The following are some of the cases sustaining our conclusion: *Dixon v. People*, 168 Ill. 179, 39 L. R. A. 116; *Flinn v. Prairie County*, 60 Ark. 204, 27 L. R. A. 669; *Ex parte Dement*, 53 Ala. 389, 25 Am. Rep. 611; *State v. Teipner*, 36 Minn. 535; *Summers v. State*, 5 Tex. App. 365, 32 Am. Rep. 573; *Larimer County Commissioners v. Lee*, 3 Col. App. 177. It has been held that the state may require the services of its citizens, without compensation. *Bennett v. Kroth*, 37 Kan. 235, 1 Am. St. Rep. 248; *West v. State*, 1 Wis. *269; *Ex parte Chamberlain*, 4 Cow. (N. Y.) 49. Nor do we think the rule embodied in that conclusion so oppressive as it might appear at first glance. The benefits of civil government, of necessity, carry with them certain duties more or less onerous to the citizen. It not infrequently happens that the citizen is compelled to serve the state at a pecuniary loss. When an officer armed

with a warrant commands the assistance of a citizen in making an arrest, the latter, however valuable his time, is not permitted to stand and bicker for fees. When called to serve as a juror, a citizen will not be heard to complain that the compensation fixed by law is inadequate. As to compensation in such matters, the scale is fixed without regard to calling or countenance, and the common laborer and the man of large affairs, rich and poor, learned and unlearned, are on equal footing. As was said in the *Dement* case, *supra,* quoting Ordroneaux, Jurisprudence of Medicine: "The administration of justice being a source of mutual benefit to all the members of the community, each is under obligation to aid in furthering it, as a matter of public duty. As an *ordinary* witness or a juror, every competent citizen may be summoned by due process of law to appear, and render personal service in court, without right on his part to a special compensation for so doing. His time is, *quoad hoc,* claimed by the public as a tax paid by him to that system of laws which protects his rights as well as those of others."

It is recommended that the judgment of the district court be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.