# CHARLESTON.

## EX PARTE GUY KIRBY.

Submitted December 14, 1920.    Decided December 14, 1920.

Opinion Filed December 17, 1920.

BAIL—*Justice of the Peace May Admit to Bail Pending Appeal.*

1. A justice of the peace by whom, one charged with a misdemeanor, has been found guilty and adjudged to pay a fine and serve a term of imprisonment, from which judgment an appeal has been allowed to a competent tribunal, has authority to admit such accused party to bail by taking a recognizance conditioned for his appearance for trial before the appellate tribunal, at any time after such appeal is granted while such party is being held under the commitment of such justice, and upon a certificate of said justice that such recognizance has been given it is the duty of the officer having such accused party in custody to discharge him therefrom.

(WILLIAMS, PRESIDENT, absent).

Petition by Guy Kirby for a writ of habeas corpus to be directed against S. A. Daniel, Sheriff.

*Petitioner discharged.*

87 W. Va.

. *Froe & Capehart,* for petitioner.

*G. L. Counts* and *Samuel Solins,* for respondent.

RITZ, JUDGE:

· On the eleventh day of November, 1920, petitioner was found guilty by a justice of the peace of McDowell County, of carrying about his person a black jack, and by said justice adjudged to pay a fine of fifty dollars and to serve a sentence of six months imprisonment in the jail of said County. He immediately applied for, and was by said justice granted, an appeal from said judgment of conviction, and his bail fixed at five hundred dollars. Being unable at that time to give the bail required, he was by said justice committed to the jail of McDowell County there to await the trial of said charge in said Criminal Court upon the appeal taken by him as aforesaid. On the eighth day of December, 1920, he tendered to said justice a recognizance in the amount required with sureties approved by the Justice and with condition to appear in said Criminal Court for trial upon said charge, but the respondent refused to release him from custody. The recognizance is not challenged as being insufficient either in form or substance, the sole contention being that the justice did not have authority to accept said bond or recognizance after an appeal had been granted from the judgment and the petitioner committed for failure to give the bond required. The respondent insists that after an appeal has been allowed by a justice in a case like this only a court of record or a judge thereof can subsequently admit the accused to bail.

Section 230 of Chapter 50 of the Code controls the matter of appeals from the judgments of Justices in criminal cases. A cursory view of this section would seem to indicate that one convicted by a justice could only appeal upon giving a recognizance for his appearance for trial upon such appeal, but in the case of *Vetock* v. *Hufford,* 74 W. Va. 785, we construed this provision as giving the accused the absolute right of appeal whether he could give a recognizance for his appearance or not, the only effect of his failure to give the recognizance being that he would remain in custody pending

trial upon the appeal. The petitioner here, being unable to give a recognizance for his appearance at the time he took the appeal was committed to jail to await trial, but subsequently and before a trial upon the appeal he gave a recognizance which was approved by the justice and demanded his release pending the trial. The provision above referred to expressly empowers the justice upon an appeal being allowed by him to take a recognizance conditioned for the appearance of the accused party for trial upon the appeal, but the respondent insists that this authority extends no further than to grant bail if tendered at the time the appeal is allowed. The statute does not so limit the justice's authority and we can see no good reason for placing upon it such a limitation. In some jurisdictions at least the power to grant an appeal implies authority to admit to bail where the charge is a bailable one. 6 C. J. 678-9; *Everly* v. *State.* 10 Ind. App. 15; *State* v. *District Court*, 84 Iowa 167. But in this State the power of a justice to grant bail in a case in which he has adjudged an accused party guilty is expressly granted. In practically all cases the recognizance is given at the time the appeal is taken so that the question we have here seldom arises. To hold that one, who is so unfortunate as not to be able to give bail at the time he takes his appeal, if he thereafter would be discharged before trial in the appellate court must apply to a judge would in many instances compel him to go to a distant county at considerable expense and inconvenience. The disposition toward more humanitarian treatment of those charged with crime has recently impelled the legislative authority to pass remedial statutes upon the subject of granting bail, and there is apparent among those charged with the administration of the law a growing sentiment that remedies granted by the legislature to one charged with crime should not be so hampered and clogged as to in effect work their denial. This view leads us to the conclusion that a justice of the peace has authority to admit to bail one who has been found guilty of crime by him at any time after an appeal has been taken from such judgment so long as such party is held upon the justice's

commitment, that is until he is tried in the court to which the appeal is taken and either discharged or committed under its judgment. In such a case upon the recognizance being accepted by the justice he should certify that fact to the officer having the accused party in custody, whose duty it would be to thereupon discharge him.

It follows from what we have said that the petitioner will be discharged.

*Petitioner discharged.*