The Honorable Mark Stodola Prosecuting Attorney Sixth Judicial District P.O. Box 1979 Little Rock. AR 72203
Dear Mr. Stodola:
This is in response to your request for an opinion on whether it is required that prosecutors pay expert witnesses a fee or expenses for testimony in criminal cases when the expert testimony is based on work performed in the course of their employment by the State of Arkansas. You indicate that your office is receiving numerous requests from medical doctors seeking expert witness fee compensation for their appearance under a subpoena at a criminal trial. In some cases, these doctors were state employees at the time of the occurrence giving rise to the testimony, although not at the time of the testimony. Others were privately employed at all times, but were present at the relevant occurrence. Others were "non-occurrence" witnesses used solely to provide expert testimony. I will answer your five questions in the order that they were posed.
Your first question is as follows:
 1. Is a professional employed by the State of Arkansas at the time their services are performed entitled to charge an "expert" witness fee or are they simply entitled to the standard witness fee allowed by statute?
It is my opinion that generally such a professional is only entitled to the standard witness fee allowed by statute when appearing in court under a subpoena. Witness fees are addressed by A.C.A. § 16-43-801,[1] which provides that witnesses in criminal cases are allowed five dollars per day in compensation. My research has not disclosed any authority for distinguishing between "experts" and other witnesses except in the case of court appointed expert witnesses. It should be noted that court appointed experts "are entitled to reasonable compensation in whatever sum the court may allow." See Ark. R. Evid. 706. With the exception of court appointed experts, I have not located any statute requiring witnesses in criminal proceedings to be paid more than the five dollars provided in A.C.A. §16-43-801,[2] unless the witness is an out-of-state witness, in which case he is paid $25 per day. See A.C.A. §16-43-403. Although, as will be discussed infra, there may be no prohibition against paying "experts" more than other witnesses for court appearances in criminal proceedings, in my opinion, the county is not obligated to pay any more than the standard witness fee.
The Arkansas Supreme Court answered this question in 1895 inFlinn v. Prairie County, 60 Ark. 204, by holding that "a physician who testifies as an expert in a criminal case is not entitled to extra compensation from the county. Flinn has been cited by the Arkansas Supreme Court with approval as late as 1975. See Arkansas State Highway Commission v. Witkowsh,257 Ark. 659, 666, 519 S.W.2d 743 (1975); Arkansas Game FishCommission v. Kizer, 222 Ark. 673, 677, 262 S.W.2d 265 (1953); and Clark County v. Kerstan, 60 Ark. 508, 509 (1895). My research has not uncovered any subsequent case law which would overturn this ruling, nor has the state legislature amended the statute governing the witness fees allowed. Thus, it is my opinion that Flinn is still good law.
Your second question is as follows:
 2. What limitation does 16-43-801(2) or other statutes impose on a county for expert witness fee compensation and expense?
A.C.A. § 16-43-801 provides that:
Witnesses shall be allowed compensation as follows:
 (1) For attendance before any circuit court, arbitration, auditor, commissioner, or other persons in civil cases, five dollars ($5.00) per day;
 (2) For attendance in criminal cases, five dollars ($5.00) per day;
 (3) For attendance before a justice of the peace, fifty cents (.50).
According to this statute, witnesses shall be allowed compensation of five dollars per day for criminal court appearances. Section 16-43-801 of the Arkansas Code was addressed by the Arkansas Supreme court in Williams v. State,304 Ark 279, 801 S.W.2d 296 (1990). In this case, the appellant challenged the fee arrangement between the North Little Rock Police Department and a confidential informant The informant was reimbursed his expenses by the North Little Rock Police Department and paid court leave by his employer during the time he appeared as a witness. The appellant claimed that these payments violated A.C.A. § 16-43-801(2). The court held that these payment arrangements did not constitute "compensation for the witness's appearance in court," and that payment of the informant's "expenses" and payment by the informant's employer was not precluded under § 16-43-801 which limits the "compensation" to five dollars.
It is my opinion, therefore, that payment of a witness's "expenses" is not precluded under § 16-43-801, which only addresses witness fee "compensation" for court appearances. With regard to witness fee "compensation," it should be noted that the court in Williams stated that there was no indication that the General Assembly intended the five dollars compensation for court appearance to be a "ceiling amount." Based on this language it can reasonably be concluded, in my opinion, that section16-43-801 imposes no limitations upon what prosecutor's may pay witnesses.
Your third question is as follows:
 3) Are prosecutors limited by statute, case law, the Arkansas Constitution (illegal exaction), or otherwise in what they may pay experts to testify above the statutory witness fee?
My research has not disclosed any Arkansas Law which specifically prohibits such payments. It should be noted that the Arkansas Constitution does empower taxpayers to institute a lawsuit for illegal exactions under Art. 16, § 13. The Arkansas Supreme Court has held that an exaction is illegal if it is either unauthorized or contrary to law, and the taxpayers bringing suit do not have to show bad faith or fraud. Mackey v. McDonald, 255 Ark. 978,504 S.W.2d 726 (1974). Thus, if the prosecutor paid fees either not authorized by law or prohibited by law to any witness such a suit could be brought against the county. As stated previously, however, Williams, supra, appears to authorize paying experts above the statutory fee.
Your fourth question is as follows:
 4) Are prosecutors limited in the amount of payments to experts for such things as food, lodging, transportation?
A.C.A. § 16-43-403 provides for expenses when a witness is from another state. This section provides for such witnesses to be paid "twelve cents a mile for each mile by the ordinary traveled route or the actual expenses of travel, lodging, and meals to and from the court . . . and 25 dollars for each day that he is required to travel and attend as a witness." Again I find nothing distinguishing "experts" from other witnesses with regard to expenses for out-of-state witnesses. It is my opinion that payment for expenses of out-of-state witnesses must be in compliance with this statute.
Section 16-43-802 of the Arkansas Code which governed mileage fees for in-state witnesses in both civil and criminal cases was superseded by 45(d) of the Arkansas Rules of Civil Procedure. Thus, it can reasonably be concluded, in my opinion that the 25 cents per mile provided for in the rules of civil procedure govern in criminal cases as well. It is my opinion, therefore that payment of mileage fees should be in compliance with rule 45(d) of the Arkansas Rules of Civil Procedure. My research has not uncovered any other limitation upon paying expenses for instate witnesses in criminal cases.
Your fifth question is as follows:
 5) Does a request by a doctor for payment of the day's lost billings constitute the payment of an expert witness fee or expense for purposes of determining limitations on payment for a doctor subpoenaed to testify?
It is my opinion that payment for the day's lost billings would amount to compensation for the witness's appearance in court, and not expenses. Expenses are usually thought of as any cost or charges met with in one's work, such as food, gas, and lodging.See Webster's New World Dictionary 216 (2d ed. 1977). Lost billings, in my opinion, would not constitute a charge or cost to the expert. See also generally Op. Att'y Gen. 93-061.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:DDM/cyh
[1] See Op. Att'y Gen. 87-475 which concludes that witness fees in criminal cases are governed by A.C.A. § 16-43-801, and not Rule 45 of the Arkansas Rules of Civil Procedure which governs procedure in actions of a civil nature.
[2] Rule 45 of the Arkansas Rules of Civil Procedure authorizes payment of $30 per day plus 25 cents per mile for witnesses appearing in civil cases.